### 23916. DUTTON, Warden v. KNIGHT.

NICHOLS, Justice. This is the second appearance of a habeas corpus petition in this court involving the sentence of Herman Ludson Knight on January 22, 1959. On the first appearance (*Knight v. Balkcom*, 219 Ga. 589 (134 SE2d 801)), the remand of the prisoner to custody was affirmed. Thereafter, he filed a petition for habeas corpus in the U. S. District Court for the Southern District of Georgia and again he was remanded to custody. However, on appeal the U. S. Court of Appeals for the Fifth Circuit reversed and ordered the prisoner's release subject to retrial. The District Court then rendered judgment on July 28, 1966, which read in part as follows: "(2) The petitioner be, and he hereby is, discharged from detention pursuant to said judgment. Provided, that discharge of petitioner pursuant to paragraph (2) of this order be, and the same hereby is, stayed for a period of thirty (30) days to enable the State of Georgia to take petitioner before the court where the said judgment was rendered for the purpose of correcting, if susceptible of correction, the defects which render discharge necessary, including the granting promptly of a new trial. Provided further, that

if the State of Georgia does act within thirty (30) days in accordance with the foregoing subparagraph of this order, the said stay of discharge of petitioner shall continue for such reasonable period of time as may be required for the retrial of petitioner with all deliberate speed by the State of Georgia." Thereafter, in November, 1966, the prisoner filed in the Superior Court of Tattnall County another petition for habeas corpus in which he alleged he had not been retried and was entitled to be released. In such petition he also alleged that subsequent to the imposition of the original sentence he was sentenced in 1962 to an additional term for escape from the sentence later declared to be based upon a void conviction and that the respondent is attempting to hold him on such escape sentence. The State denied this paragraph of the prisoner's petition and no evidence with reference to such alleged sentence appears in the record to have been introduced upon the hearing. The only evidence shown by the record is a copy of the opinion of the U. S. Circuit Court of Appeals and the later judgment of the U. S. District Court based on such opinion. The trial court in ordering the release of the prisoner took judicial notice of the terms of the Superior Court of Dougherty County (the county where the prisoner was originally convicted) which had elapsed from July 26, 1966, until November 18, 1966, the date of the judgment ordering the prisoner's release.

The State enumerates as error the judgment ordering the prisoner's release and contends that no release should have been ordered until after appeal and a final adjudication by this court. *Held:*

1. "The question to be determined on the return of a writ of habeas corpus is the legality of the detention at the time of the hearing." *Harris v. Norris*, 188 Ga. 610, 611 (4 SE2d 840).

2. Where a petition seeking release of a prisoner is based upon present alleged illegal imprisonment under a void sentence and also upon another sentence which is allegedly void and the respondent denies the allegations concerning the second sentence, in the absence of evidence that such sentence exists or that the prisoner is being held under such sentence, it must be presumed on review that no present incarceration of the prisoner is based upon such sentence. "A writ of habeas corpus looks only to the lawfulness of the present

confinement and does not deal with the lawfulness of a possible future imprisonment under another sentence. *Mullennix v. Balkcom,* 213 Ga. 490 (99 SE2d 832)*." Balkcom v. Gaulding,* 216 Ga. 410, 411 (116 SE2d 545); *Pippin v. Sheffield,* 220 Ga. 179 (137 SE2d 627).

3. Under the facts shown by the record and as set forth above, the trial court did not err in ordering the release of the prisoner from the sentence previously adjudged to be void by the U. S. Circuit Court of Appeals.

4. In view of the above ruling the remaining enumeration of error, dealing with the release of the prisoner prior to a final adjudication by this court, presents nothing for decision.

*Judgment affirmed. All the Justices concur.*

ARGUED FEBRUARY 13, 1967—DECIDED FEBRUARY 23, 1967.

*B. Daniel Dubberly, Jr., Deputy Assistant Attorney General, Arthur K. Bolton, Attorney General, G. Ernest Tidwell, Executive Assistant Attorney General, Carter A. Setliff, Assistant Attorney General,* for appellant.