25148.  CRUMLEY v. HEAD, Warden.

NICHOLS, Justice.  Travis W. Crumley was indicted in two multiple-count indictments for selling and possessing amphetamine and bithetamine.  He entered pleas of guilty and was sentenced to serve two years on each indictment to run consecutively.  Thereafter he filed the present petition seeking a writ of habeas corpus to have the convictions declared void because parts of the Act under which he was indicted and sentenced are unconstitutional.  The trial court remanded the prisoner to the custody of the Warden of the Pulaski Prison Branch and it is from this judgment that the prisoner appeals.  *Held:*

1. Inasmuch as the prisoner is presently serving the sentence under the indictment charging him with selling and possessing amphetamine and the sentence under the indictment charging him with selling and possessing bithetamine has not begun, only the sentence dealing with the first indictment can be considered under the present application for a writ of habeas corpus.  See *Dutton v. Knight*, 223 Ga. 140 (153 SE2d 714).

2. Title 79A is not unconstitutional as violating the provisions of Art. III, Sec. VII, Par. VIII of the Constitution of 1945 (*Code Ann.* § 2-1908), which prohibits the inclusion of more than one subject matter in any Act of the General Assembly.  The Act under attack codifies in one title of the Code of 1933 as amended, the laws relating to "Pharmacists, Pharmacy and

Drugs," and includes twelve chapters all dealing with drugs, poisons, cosmetics, etc., the persons authorized to manufacture, sell and possess the same, and the crimes and punishment for the illegal manufacture, sale, possession, etc., of the same. It cannot be said that the subject matter of such Act offends the constitutional provision limiting Acts of the General Assembly to one subject matter. See *Crews v. Cook*, 220 Ga. 479 (139 SE2d 490).

3. Certain of the prisoner's enumerations of error complained of the rule-making authority given the State Board of Pharmacy in such Act. The prisoner was not convicted of violating any "rule" of the State Board of Pharmacy adopted pursuant to such Act but was convicted of selling and possessing a named drug under conditions prohibited by the Act. Assuming, but not deciding, that the rule-making authority granted the State Board of Pharmacy by such Act offends the constitutional prohibitions relied upon by the prisoner, inasmuch as he was not charged with violating any such rule he is in no position to complain of such authority. "Before a statute can be attacked by anyone on the ground of its unconstitutionality, he must show that its enforcement is an infringement upon his right of person or property, and that such infringement results from the unconstitutional feature of the statute upon which he bases his attack. *Reid v. Mayor &c. of Eatonton*, 80 Ga. 755 (6 SE 602) ; *Plumb v. Christie*, 103 Ga. 686 (30 SE 759, 42 LRA 181) ; *Wallace v. City of Atlanta*, 200 Ga. 749 (38 SE2d 596) ; *Villyard v. Regents of University System of Ga.*, 204 Ga. 517 (50 SE2d 313) ; *West v. Housing Authority of Atlanta*, 211 Ga. 133, 136 (84 SE2d 30) ; Southern R. Co. v. King, 217 U. S. 524, 534 (30 SC 594, 54 LE 868) ; Plymouth Coal Co. v. Pennsylvania, 232 U. S. 531 (34 SC 359, 58 LE 713). He must show that the alleged unconstitutional feature of the statute injures him, and so operates as to deprive him of rights protected by the Constitution of this State or by the Constitution of the United States, or by both." *South Ga. Natural Gas. Co. v. Ga. Public Service Commission*, 214 Ga. 174 (104 SE2d 97).

4. The remaining enumeration of error complains of the alleged unconstitutionality of *Code Ann.* § 79A-906 (b) which relieves the State Board of Pharmacy from reporting for the institution of proceedings under the Act minor violations of the Act

where such board believes that the public interest will be adequately served by a suitable written notice or warning.

The gist of such complaint is that such authority granted by the General Assembly is a violation of the separation of powers provisions of the Constitution of Georgia, Art. I, Sec. 1, Par. XXIII (*Code Ann.* § 2-123), the due process clause of the Constitution, Art. I, Sec. I, Par. III (*Code Ann.* § 2-103), and the equal protection provision of the Fourteenth Amendment to the United States Constitution (*Code* § 1-815).

Assuming, but not deciding, that the Code section giving the State Board of Pharmacy a discretion in determining when a violation is "minor" and whether it will report violations for prosecution is unconstitutional as conflicting with one or more of the constitutional provisions relied upon, it necessarily follows that in the absence of a showing that the authority thus granted has been exercised by the State Board of Pharmacy so as to cause the prisoner to have suffered a denial of equal protection of law, he is not in a position to complain of such legislation.

The trial court did not err in remanding the prisoner to custody.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., who dissents from Headnote 3 and from the judgment of affirmance.*

ARGUED APRIL 15, 1969—DECIDED APRIL 24, 1969.

*Robert E. Andrews, J. Nathan Deal,* for appellant.

*Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, Marion O. Gordon, Assistant Attorneys General, Albert D. Mullis, District Attorney,* for appellee.

DUCKWORTH, Chief Justice, dissenting. I dissent from Headnote 3 upon the grounds that the statute attacked denies equal protection as guaranteed by the State and Federal Constitutions.