26271.   LEWIS v. SMITH.

FELTON, Justice. The only question which this court can entertain in a habeas corpus proceeding is the validity or legality of the present confinement and the sentence under which the petitioner is restrained; the lawfulness of a possible future imprisonment under another sentence cannot be therein determined. *Crumley v. Head,* 225 Ga. 246 (1) (167 SE2d 651); *Brawner v. Smith,* 225 Ga. 296, 298 (167 SE2d 753) and cit.; *Floyd v. Smith,* 225 Ga. 650 (171 SE2d 142) and cit.

Accordingly, where the record shows that the prisoner is presently serving a twelve-year sentence in the State prison, commencing in January of 1969 and imposed on him by the Fulton County Superior Court on his guilty plea to voluntary manslaughter, which sentence is not attacked, the writ of habeas corpus does not lie to determine the lawfulness of subsequent sentences, service of which has not yet commenced, imposed on him by the Gwinnett County Superior Court for convictions of two other crimes. Therefore, the court did not err in its judgment remanding the prisoner to the Warden of the State prison to serve the remainder of his sentence.

*Judgment affirmed. All the Justices concur.*
SUBMITTED JANUARY 11, 1971—DECIDED JANUARY 21, 1971.

Willie Lewis, Jr., *pro se.*
*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Charles B. Merrill, Jr., Assistant Attorneys General,* for appellee.