26694.  DeKALB COUNTY et al. v.
FLORENTINE CORPORATION.
26720.  STATE OF GEORGIA v. FLORENTINE
CORPORATION.
26695.  DeKALB COUNTY et al. v.
MEMORIAL CLUB, INC.
26721.  STATE OF GEORGIA v. MEMORIAL CLUB, INC.

FELTON, Justice. The two appellee corporations filed substantially similar complaints against DeKalb County and its commissioners and ordinary and the cases were tried together. In both complaints Count 1, which was dismissed on motion without appeal, sought declaratory judgments and alleged that the appellee corporations were doing business under valid county and state licenses for the sale of retail beer and wine and the operation of a private club; that appellees had been selling alcholic beverages other than beer or wine pursuant to permission from the defendant dry county, allegedly granted at the time of the applications for said licenses; and that the defendant county's threatened prosecution of appellees for violation of the State liquor laws would violate the due process and equal protection provisions of the

State and Federal Constitutions. Count 2 of both complaints adopted the allegations of Count 1; attacked the constitutionality of *Code Ann.* § 58-1003 (Ga. L. 1937-38, Ex. Sess., pp. 103, 105) and *Code Ann.* § 58-1010.1 (Ga. L. 1941, p. 199), on the ground that the requirement of a petition signed by 35% of the registered, qualified voters of the county for a liquor referendum, violates the due process and equal protection clauses of the State and Federal Constitutions; and prayed that appellees be allowed to continue their "lawful" sale of intoxicating liquor, inter alia, and that the ordinary be ordered to hold an election, or referendum, in conformity with the provisions of law concerning such an election. On behalf of the State, the Attorney General filed a motion to intervene, which was granted. The trial court granted appellees' motion for summary judgment, holding that "the 35% provision [of the above statutes] is not a condition precedent to the exercise of such option but is a provision fixing the time when said election shall be held," and ordering the call of an election pursuant to the pertinent Code chapter no later than 90 days from entry of judgment on the motion. The appeals are from this judgment and the order overruling defendants' motion to dismiss Count 2 of the complaints.

1. "Before a statute can be attacked by anyone on the ground of its unconstitutionality, he must show that its enforcement is an infringement upon his right of person or property. . . *Reid v. Mayor &c. of Eatonton,* 80 Ga. 755 (6 SE 602); *Plumb v. Christie,* 103 Ga. 686 (30 SE 759, 42 LRA 181); *Wallace v. City of Atlanta,* 200 Ga. 749 (38 SE2d 596); *Villyard v. Regents of University System of Ga.,* 204 Ga. 517 (50 SE2d 313); *West v. Housing Authority of Atlanta,* 211 Ga. 133, 136 (84 SE2d 30); Southern R. Co. v. King, 217 U. S. 524, 534 (30 SC 594, 54 LE 868); Plymouth Coal Co. v. Pennsylvania, 232 U. S. 531 (34 SC 359, 58 LE 713)." *South Ga. Natural Gas Co. v. Ga. Public Service Commission,* 214 Ga. 174 (1) (104 SE2d 97); *Crumley v. Head,* 225 Ga. 246 (3) (167

SE2d 651). "As has been often pointed out, one who seeks to set aside a state statute as repugnant to the Federal Constitution *must show that he is within the class with respect to whom the act is unconstitutional,* and that the alleged unconstitutional feature injures him." (Emphasis supplied). Mallinckrodt Chemical Works v. Missouri, 238 U. S. 41, 54 (35 SC 671, 59 LE 1192).

2. "No one has a property right to have issued to him a license to sell intoxicating liquors." *Plumb v. Christie,* 103 Ga. 686, supra, (1). "Nothing in this Chapter shall be construed as giving any person a right to sell spirituous liquors as herein defined, but the manufacture, sale, and distribution of spirituous liquors is declared to be a privilege in this State and not a right." *Code Ann.* § 58-1068 (Ga. L. 1937-38, Ex. Sess., pp. 103, 121).

3. Although the appellees might have attacked the statutes in question as individual citizens and potential consumers of intoxicating liquors, it is clear from their complaints, brought in their corporate capacities, that their claims are based upon their alleged or supposed rights to have the liquor referendum laws so construed as to facilitate the issuance to them of licenses to sell intoxicating liquors. The appellees, not having property rights to have such licenses issued to them, are without standing to attack the statutes in question. Furthermore, they are not entitled to continue what they term in the prayers of their complaints, their "lawful" sales of intoxicating liquor, but what are, in fact, sales of intoxicating liquor in a dry county, which are *unlawful* sales under the State laws.

Therefore, the trial court erred in its order overruling the defendants' motion to dismiss Count 2 of the complaints and in its judgment granting the plaintiffs' motion for summary judgment.

*Judgments reversed. All the Justices concur.*
ARGUED SEPTEMBER 16, 1971—DECIDED OCTOBER 21, 1971.

*George P. Dillard, Herbert O. Edwards, Robert E. Mozley,* for DeKalb County.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Robert J. Castellani, Assistant Attorney General,* for State of Georgia.

*Howard, Howard & Hall, Pierre Howard,* for appellees.