## S98A0508. HARRISON et al. v. WIGINGTON et al.

### (497 SE2d 568)

CARLEY, Justice.

Anne Harrison was convicted of two counts of criminal attempt to hinder the apprehension of a criminal and one count of criminal attempt to commit bail jumping. The Court of Appeals affirmed Ms. Harrison's convictions of those felonies. *Harrison v. State*, 201 Ga. App. 577 (411 SE2d 738) (1991). She never received a formal pardon, but, in 1996, the Board of Pardons and Paroles (Board) did issue an "Order of Restoration of Civil and Political Rights." Thereafter, Ms. Harrison applied to become a professional bondsperson in Rockdale County. Jeff Wigington, in his capacity as the Sheriff of Rockdale County, determined that Ms. Harrison did not meet the qualifications set forth in OCGA § 17-6-50 (b) (3), which provides that a professional bondsperson must be of "good moral character" and have no convictions for "a felony or any crime involving moral turpitude. . . ." Ms. Harrison and Alibi Bonding Company, Inc. (Plaintiffs) filed suit against Sheriff Wigington and Rockdale County (Defendants), challenging the constitutionality of OCGA § 17-6-50 (b) (3). On cross-motions for summary judgment, the trial court granted summary judgment in favor of Defendants and denied Plaintiffs' motion. Plaintiffs appeal from the trial court's order, properly invoking our constitutional question jurisdiction under Art. VI, Sec. VI, Par. II (1) of the Georgia Constitution of 1983. If a constitutional question is raised and ruled on below, this Court has exclusive appellate jurisdiction, "and this is true, although upon a consideration of the entire case, this court determines that a decision upon such constitutional questions is not necessary to a proper solution of the case, and makes no decision thereon." *Franklin v. Mobley*, 202 Ga. 212 (1) (42 SE2d 755) (1947).

1. Plaintiffs' main constitutional challenge is predicated upon Art. IV, Sec. II, Par. II (a) of the Georgia Constitution of 1983, which provides that the Board is vested with the power "to grant . . . pardons, and . . . to remove disabilities imposed by law . . . ." According to Plaintiffs, the Board has removed Ms. Harrison's disabilities and, to the extent that OCGA § 17-6-50 (b) (3) authorizes the continued use of her felony convictions as a bar to her becoming a professional bondsperson, that statute is in conflict with the Board's constitutional authority. See generally *Georgia Peace Officer Standards &c. Council v. Mullis*, 248 Ga. 67 (281 SE2d 569) (1981).

The only disabilities which the Board removed were certain limitations on Ms. Harrison's exercise of her civil and political rights resulting from her felony convictions. The convictions themselves were not removed and Ms. Harrison's attainment of the status of a professional bondsperson is not itself a civil or political right. How-

ever, Plaintiffs contend that the "Order of Restoration of Civil and Political Rights" is the equivalent of a pardon and that a pardon has the effect of vitiating her felony convictions. Under the applicable constitutional provision, however, the Board's authority to grant pardons is an entirely separate and distinct power from its authority to remove disabilities imposed by law. By its terms, the Board's order only removed certain disabilities and did not constitute a pardon. Furthermore, the undisputed evidence of record shows that the Board itself intended to effect only a lesser restoration of Ms. Harrison's "right to vote, serve on a jury, and hold political office." Accordingly, even assuming without deciding that a pardon would have the effect of vitiating Ms. Harrison's felony convictions, it is clear that the Board's order was not the equivalent of a pardon.

The constitutionality of a statute is subject to attack only by one who can show that its enforcement is an infringement upon a right of person or property, and that such an infringement results from the unconstitutional feature of the statute upon which the attack is based. *Crumley v. Head*, 225 Ga. 246, 247 (3) (167 SE2d 651) (1969). Because it is clear that Ms. Harrison's felony convictions were not removed by any action of the Board, the Plaintiffs lack standing to assert that the statutory requirement of OCGA § 17-6-50 (b) (3) that a professional bondsperson have no felony convictions conflicts with the Board's constitutional authority. Compare *Georgia Peace Officer Standards &c. Council v. Mullis*, supra. OCGA § 17-6-50 (b) (3) is subject to a constitutional attack on that ground only by one who can demonstrate that his or her felony convictions have been removed by an action of the Board. Therefore, we need not address the merits of Plaintiffs' principal constitutional attack. The trial court's conclusion that OCGA § 17-6-50 (b) (3) does not conflict with the Board's constitutional authority must be affirmed on the procedural ground that Plaintiffs have no standing to make that assertion. *City of Chamblee v. Village of N. Atlanta*, 217 Ga. 517, 520 (1) (d) (123 SE2d 663) (1962). Although this Court has exclusive appellate jurisdiction over all cases in which the constitutionality of a statute was raised and resolved below, it is "well settled that such question will not be passed upon if there is any other ground in the case upon which this court can properly rest the decision. [Cit.]" *Aiken v. Richardson*, 209 Ga. 837, 839 (4) (76 SE2d 393) (1953).

2. Plaintiffs further assert that, even if they cannot attack OCGA § 17-6-50 (b) (3) on the ground that the requirement that a professional bondsperson have no felony convictions conflicts with the Board's constitutional authority, the statute is invalid because the requirement of "good moral character" is unconstitutionally vague. However, even if that standard was unconstitutionally vague, Ms. Harrison would not be qualified to become a professional bonds-

person because of her felony convictions. It is clear that she must meet *both* requirements of OCGA § 17-6-50 (b) (3), since the statute specifies that a professional bondsperson must possess a good moral character *and* have no felony convictions. See *Club Southern Burlesque v. City of Carrollton*, 265 Ga. 528, 532 (6) (457 SE2d 816) (1995). There is nothing to indicate that the intent of the General Assembly was to employ the word "and" in OCGA § 17-6-50 (b) (3) other than in its normal conjunctive meaning. See *Hawes v. Smith*, 120 Ga. App. 158, 162 (5) (169 SE2d 823) (1969). Therefore, a determination that the "good moral character" standard is unconstitutionally vague would not result in Ms. Harrison being qualified to become a professional bondsperson. Since this Court will not address a constitutional challenge if the person making the attack derives no benefit therefrom, "the constitutional questions here sought to be raised will not be decided." *Daniels v. State*, 213 Ga. 833, 834 (102 SE2d 27) (1958).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 13, 1998.

*Ralph S. Goldberg,* for appellants.
*Maddox, Starnes & Nix, John A. Nix, Robert L. Zoeckler, Thomas A. Bowman,* for appellees.