# Court of Appeals
# of the State of Georgia

ATLANTA,　September 21, 2016

*The Court of Appeals hereby passes the following order:*

**A17A0082. JOHNSON STREET PROPERTIES, LLC v. CYNTHIA CLURE.**
**A17A0100. CYNTHIA CLURE v. JOHNSON STREET PROPERTIES, LLC.**

In Case No. A17A0082, Johnson Street Properties, LLC ("Johnson Street"), defendant in this personal-injury action, appeals the trial court's order granting in part and denying in part plaintiff Cynthia Clure's motion for partial summary judgment as to Johnson Street's notice of fault of non-parties. In her motion for partial summary judgment, Clure argued, inter alia, that apportionment of fault to a non-party under OCGA § 51-12-33 violates the non-party's constitutional rights to due process and equal protection. The trial court rejected the argument and found that OCGA § 51-12-33 was not unconstitutional as applied to non-parties, but granted Clure's motion on other grounds. In Case No. A17A0100, Clure cross-appeals the trial court's constitutionality ruling. Johnson Street has filed a motion to dismiss the cross-appeal, and Clure has filed a motion to transfer both appeals to the Georgia Supreme Court.

In its motion to dismiss Clure's cross-appeal, Johnson Street contends that cross-appeals are limited to errors or rulings adversely affecting the cross-appellant, and Clure's cross-appeal does not challenge any such error or ruling because the trial court granted her motion for summary judgment. See OCGA § 5-6-38 (a). However, Clure is permitted to challenge via cross-appeal the trial court's adverse ruling that OCGA § 51-12-33 is not unconstitutional, despite the fact that the court granted her motion on other grounds. See id.; cf. *Dempsey v. Gwinnett Hosp. System*, 330 Ga. App. 469 (765 SE2d 525) (2014) (after reversing trial court's order granting defendant's motion for new trial on one ground, dismissing defendant's cross-appeal of order when trial court *did not rule* on defendant's alternative grounds in motion,

as there was no adverse ruling to appeal from). Accordingly, Johnson Street's motion to dismiss Clure's cross-appeal is DENIED.

Regarding Clure's motion to transfer the appeals to the Georgia Supreme Court, the Supreme Court "has exclusive jurisdiction over all cases involving construction of the Constitution of the State of Georgia and of the United States and all cases in which the constitutionality of a law, ordinance, or constitutional provision has been called into question." *Atlanta Independent School System v. Lane*, 266 Ga. 657, 657 (1) (469 SE2d 22) (1996); see Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1). Because Clure's motion for partial summary judgment called into question the constitutionality of OCGA § 51-12-33 and the trial court specifically rejected her constitutionality argument, it appears that jurisdiction over the cross-appeal may lie in the Supreme Court, despite the fact that the cross-appeal may ultimately be resolved on other grounds. See *Harrison v. Wigington*, 269 Ga. 388, 388 (497 SE2d 568) (1998) ("If a constitutional question is raised and ruled on below, [the Supreme] Court has exclusive appellate jurisdiction, and this is true, although upon a consideration of the entire case, [the Supreme] Court determines that a decision upon such constitutional questions is not necessary to a proper solution of the case, and makes no decision thereon.") (punctuation omitted). As the Supreme Court has the ultimate responsibility for determining appellate jurisdiction, see *Saxton v. Coastal Dialysis & Med. Clinic*, 267 Ga. 177, 178 (476 SE2d 587) (1996), Case No. A17A0100 is hereby TRANSFERRED to the Supreme Court for disposition. In the interests of judicial economy and judicial comity, Case No. A17A0082 also is TRANSFERRED to the Supreme Court, and Clure's motion to transfer the appeals is GRANTED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*_____09/21/2016_____
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*