# Court of Appeals
# of the State of Georgia

ATLANTA,  March 05, 2018

*The Court of Appeals hereby passes the following order:*

**A18D0325.  STARSHIP ENTERPRISES OF ATLANTA, INC. v. GWINNETT COUNTY, GEORGIA.**

In 2015, the Gwinnett County Board of Commissioners (the "Board") adopted new regulations for adult establishments, including retail stores that sell sex paraphernalia. Starship Enterprises of Atlanta, Inc. ("Starship"), an operator of two such stores, filed suit seeking declaratory and injunctive relief, arguing that certain provisions of the county ordinance violated the Georgia Constitution as they were unconstitutionally vague and regulated stand-alone adult stores differently than stores in a shopping mall. The Board moved for summary judgment, and also filed a counter-claim for a permanent injunction enjoining Starship from operating a sex paraphernalia store within the county. The trial court granted the Board's motion for summary judgment,[1] as well as its request for a permanent injunction. Starship then filed this application for discretionary appeal. It appears, however, that jurisdiction may be proper in the Supreme Court.

The Supreme Court has exclusive jurisdiction over "[a]ll cases involving the construction of . . . the Constitution of the State of Georgia" and "all cases in which the constitutionality of a law, ordinance, or constitutional provision has been drawn into question[.]" Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1); see *Atlanta*

---

[1] Starship voluntarily dismissed its complaint upon the Board's filing of its motion for summary judgment. The trial court, however, found that Starship presented two constitutional arguments at the summary judgment hearing, and the court ruled on those arguments. There is no indication in the application materials that the case was dismissed prior to the entry of the trial court's order.

*Independent School System v. Lane*, 266 Ga. 657, 657-658 (1) (469 SE2d 22) (1996). Because Starship's complaint challenges the constitutionality of certain provisions of the Board's ordinance, it appears that jurisdiction over the application may lie in the Supreme Court, despite the fact that the application may ultimately be resolved on other grounds. See *Harrison v. Wigington*, 269 Ga. 388, 388 (497 SE2d 568) (1998) ("If a constitutional question is raised and ruled on below, [the Supreme] [C]ourt has exclusive appellate jurisdiction, and this is true, although upon a consideration of the entire case, [the Supreme] [C]ourt determines that a decision upon such constitutional questions is not necessary to a proper solution of the case, and makes no decision thereon.") (punctuation omitted).

As the Supreme Court has the ultimate responsibility for determining appellate jurisdiction, see *Saxton v. Coastal Dialysis & Med. Clinic*, 267 Ga. 177, 178 (476 SE2d 587) (1996), this application is hereby TRANSFERRED to the Supreme Court for disposition.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   03/05/2018*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



, *Clerk.*