# Court of Appeals
# of the State of Georgia

ATLANTA,  June 17, 2019

*The Court of Appeals hereby passes the following order:*

**A19A0762.  WILFTANG v. STATE.**

The Supreme Court has exclusive jurisdiction over "[a]ll cases involving the construction . . . of the Constitution of the State of Georgia or of the United States and all cases in which the constitutionality of a law, ordinance, or constitutional provision has been called into question." Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1); see *Atlanta Independent School System v. Lane*, 266 Ga. 657, 657-658 (1) (469 SE2d 22) (1996). Because appellant argues that OCGA § 40-5-67.1 (d.1) (2018) is unconstitutional as it does not require notification that police may obtain a warrant for his blood, it appears that jurisdiction over this appeal may lie in the Supreme Court, despite the fact that the appeal may ultimately be resolved on other grounds. See *Harrison v. Wigington*, 269 Ga. 388, 388 (497 SE2d 568) (1998) ("If a constitutional question is raised and ruled on below, [the Supreme] [C]ourt has exclusive appellate jurisdiction, and this is true, although upon a consideration of the entire case, [the Supreme] [C]ourt determines that a decision upon such constitutional questions is not necessary to a proper solution of the case, and makes no decision thereon.") (citation and punctuation omitted).

As the Supreme Court has the ultimate responsibility for determining appellate jurisdiction, see *Saxton v. Coastal Dialysis & Med. Clinic*, 267 Ga. 177, 178 (476 SE2d 587) (1996), this appeal is hereby TRANSFERRED to the Supreme Court for disposition.



*Court of Appeals of the State of Georgia*
     *Clerk's Office, Atlanta,  06/17/2019*
     *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
     *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *Stephen E. Castlen* _____ *, Clerk.*