# Court of Appeals
# of the State of Georgia

ATLANTA,  March 05, 2020

*The Court of Appeals hereby passes the following order:*

**A19A1676. NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-1 v. BELL.**

National Collegiate Student Loan Trust 2007-1 ("National") filed in the State Court of Athens-Clarke County a "Complaint on Promissory Note" against Shaquavia Bell. Bell moved to dismiss the complaint with prejudice asserting, inter alia, that National is a non-entity without standing to pursue any action in Georgia, and that a trustee must be substituted as the party plaintiff. The state court agreed and ruled that National may only pursue a civil action through a trustee and instructed National to substitute its trustee in a timely manner or risk dismissal of its complaint.  National moved for reconsideration of the order, asserting that it is not an express trust under Georgia law, but a statutory trust established under Delaware statutory law and it is considered a separate legal entity with the ability to file suit on its own behalf, see generally 12 Del. C. § 3826 (Delaware Statutory Trust Act), and that it is entitled to the application of United States Constitution's Full Faith and Credit clause. See U. S. Const., Art.  IV, Sect. 1. The state court disagreed, and when no trustee was substituted as plaintiff "in a reasonably timely manner," it dismissed the action. National has now appealed, again arguing that the Georgia court must afford Full Faith and Credit to Delaware law and allow National to exercise its standing to sue as provided by the Delaware Statutory Trust Act.

This appeal raises a significant and novel constitutional issue concerning an alleged violation of the Full Faith and Credit clause. Further, the issue raised is one of first impression in Georgia, and there is little if any directly applicable law in other jurisdictions. Therefore, while the appeal does not "draw in question" the

constitutionality of any statute within the meaning of Ga. Const. of 1983, Art. VI, Sec. VI, Para. II (1), it is a case "involving the construction of . . . the Constitution of the State of Georgia or of the United States" within the meaning of that provision. As the state court impliedly rejected National's constitutional argument, it appears that jurisdiction over this appeal may lie in the Supreme Court. See *Harrison v. Wigington,* 269 Ga. 388, 388 (497 SE2d 568) (1998) ("If a constitutional question is raised and ruled on below, [the Supreme] [C]ourt has exclusive appellate jurisdiction, and this is true, although upon a consideration of the entire case, [the Supreme] [C]ourt determines that a decision upon such constitutional questions is not necessary to a proper solution of the case, and makes no decision thereon.") (citation and punctuation omitted).

Accordingly, this appeal is hereby TRANSFERRED to the Supreme Court.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __03/05/2020__
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*