# Court of Appeals
# of the State of Georgia

ATLANTA,  August 28, 2020

*The Court of Appeals hereby passes the following order:*

**A20A1444.  THE STATE v. BEHNEY.**

The Supreme Court has exclusive jurisdiction over "[a]ll cases involving the construction . . . of the Constitution of the State of Georgia or of the United States and all cases in which the constitutionality of a law, ordinance, or constitutional provision has been drawn in question[.]" Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1); see *Atlanta Independent School System v. Lane*, 266 Ga. 657, 657-658 (1) (469 SE2d 22) (1996). In the instant appeal, the State argues that the trial court erred in finding that the language of the implied consent notice, as codified in OCGA § 40-5-67.1 (b) (effective July 1, 2017 - April 27, 2019), is facially coercive and unconstitutional.«**SeeV2. 23-25, 29-33**» The State argues that because *Elliott v. State*, 305 Ga. 179 (824 SE2d 265) (2019) did not overrule *Olevik v. State*, 302 Ga. 228 (806 SE2d 505) (2017), the law is already settled that former OCGA § 40-5-67.1 (b) is not facially coercive.«**NT 6-8**» Because the State in the instant appeal asserts that certain other language in the statute is likewise not facially coercive following *Elliott*, and it challenges the constitutionality of former OCGA § 40-5-67.1 (b) on grounds not decided in *Olevik*, it presents a previously unresolved constitutional question that was raised and ruled upon in the trial court. Therefore, it appears that jurisdiction over this appeal may lie in the Supreme Court, despite the fact that the appeal may ultimately be resolved on other grounds. See *Harrison v. Wigington*, 269 Ga. 388, 388 (497 SE2d 568) (1998) ("If a constitutional question is raised and ruled on below, [the Supreme] [C]ourt has exclusive appellate jurisdiction, and this is true, although upon a consideration of the entire case, [the] [C]ourt determines that a decision upon such constitutional questions is not necessary to a proper solution of the case, and

makes no decision thereon.") (citation and punctuation omitted).

As the Supreme Court has the ultimate responsibility for determining appellate jurisdiction, see *Saxton v. Coastal Dialysis & Med. Clinic*, 267 Ga. 177, 178 (476 SE2d 587) (1996), this appeal is hereby TRANSFERRED to the Supreme Court for disposition.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,* __08/28/2020__
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ *, Clerk.*