# Court of Appeals
# of the State of Georgia

ATLANTA, October 07, 2020

*The Court of Appeals hereby passes the following order:*

**A21A0253. ALBERT E. LOVE et al. v. FULTON COUNTY BOARD OF TAX ASSESSORS et al.**

In this dispute regarding ad valorem property taxes, Albert E. Love, Gregory L. Fann, Sr., Anthony Kristian Vatalaro, Catherine Rachel Flood, Pete Zyskowski, and Lynn Zyskowski (the "plaintiffs") filed a lawsuit against the Fulton County Board of Tax Assessors and others. The plaintiffs also filed a motion seeking to have OCGA § 10-9-10, which provides an exemption for property taxes for the Georgia World Congress Center Authority, declared unconstitutional. The Georgia World Congress Center Authority was permitted to intervene in the case. The defendants moved to dismiss the lawsuit for failure to state a claim upon which relief could be granted under OCGA § 9-11-12 (b) (6), and the trial court granted the motion and also dismissed several other pending motions as moot, including the plaintiffs' motion to have OCGA § 10-9-10 declared unconstitutional. On appeal, we affirmed in part and reversed in part, and specifically we reversed the dismissal of the motion to have OCGA § 10-9-10 declared unconstitutional as moot. *Love v. Fulton County Bd. of Tax Assessors*, 348 Ga. App. 309, 321 (5) (821 SE2d 575) (2018). Upon remand, the trial court entered an order which, among other things, declined to declare OCGA § 10-9-10 unconstitutional and dismissed the case. The plaintiffs appeal, arguing, among other things, that the trial court erred by declining to declare the statute unconstitutional.

The Supreme Court has exclusive appellate jurisdiction in "all cases in which the constitutionality of a law, ordinance, or constitutional provision has been drawn in question." Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1); see also *Zarate-*

*Martinez v. Echemendia*, 299 Ga. 301, 304 (2) (788 SE2d 405) (2016). Consequently, given the plaintiffs' argument that the trial court erred by declining to declare OCGA § 10-9-10 unconstitutional, it appears that jurisdiction over this appeal lies in the Supreme Court, even if the appeal may ultimately be resolved on other grounds. See *Harrison v. Wigington*, 269 Ga. 388, 388 (497 SE2d 568) (1998) ("If a constitutional question is raised and ruled on below, [the Supreme] [C]ourt has exclusive appellate jurisdiction, and this is true, although upon a consideration of the entire case, [the Supreme] [C]ourt determines that a decision upon such constitutional questions is not necessary to a proper solution of the case, and makes no decision thereon.") (punctuation omitted). As the Supreme Court has the ultimate responsibility for determining appellate jurisdiction, see *Saxton v. Coastal Dialysis & Med. Clinic*, 267 Ga. 177, 178 (476 SE2d 587) (1996), this case is hereby TRANSFERRED to the Supreme Court.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   10/07/2020*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*