# Court of Appeals
# of the State of Georgia

ATLANTA, January 07, 2021

*The Court of Appeals hereby passes the following order:*

## A21A0558. L. LIN WOOD et al. v. NICOLE WADE et al.

In this breach of contract and fraud action between lawyers who formerly worked together and their firms, the trial court granted the plaintiffs' request for an interlocutory injunction to enjoin the defendants from violating the non-disparagement clause in the parties' settlement agreement. The defendants argued below, among other things, that the trial court's interlocutory injunction violates their constitutional rights and, specifically, amounts to a restraint against their First Amendment right of free speech. The trial court rejected the defendants' argument, but acknowledged that "the Georgia Supreme Court has consistently 'exhibited its firm policy to protect the right of free speech.'" The trial court further noted that "[t]here are a limited number of cases nationally which address the interplay between contract rights and the First Amendment[,]" and it analyzed the issue using Colorado, Ohio, Connecticut, and Vermont law.

We conclude that the case should be transferred to the Georgia Supreme Court. The Supreme Court "has exclusive jurisdiction over all cases involving construction of the Constitution of the State of Georgia and of the United States and all cases in which the constitutionality of a law, ordinance, or constitutional provision has been called into question." *Atlanta Independent School System v. Lane*, 266 Ga. 657, 657 (1) (469 SE2d 22) (1996); Ga. Const. of 1983, Art. VI, Sec. VI, Para. II. Because the defendants' argument calls into question the constitutionality of entering a preliminary injunction that restrains the defendants' First Amendment right of free speech, and the trial court specifically rejected this constitutionality argument, it appears that jurisdiction may lie in the Supreme Court, despite the fact that the case

may ultimately be resolved on other grounds. See *Harrison v. Wigington*, 269 Ga. 388, 388 (497 SE2d 568) (1998) ("If a constitutional question is raised and ruled on below, [the Supreme] [C]ourt has exclusive appellate jurisdiction, and this is true, although upon a consideration of the entire case, [the Supreme] [C]ourt determines that a decision upon such constitutional questions is not necessary to a proper solution of the case, and makes no decision thereon.") (punctuation omitted).

As the Supreme Court has the ultimate responsibility for determining appellate jurisdiction, see *Saxton v. Coastal Dialysis & Med. Clinic*, 267 Ga. 177, 178 (476 SE2d 587) (1996), this case is hereby TRANSFERRED to the Supreme Court for disposition.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,  01/07/2021*
      *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
      *Witness my signature and the seal of said court hereto affixed the day and year last above written.*


                                          *, Clerk.*