# Court of Appeals
# of the State of Georgia

ATLANTA,  September 20, 2023

*The Court of Appeals hereby passes the following order:*

**A23A1271.  CITY OF RINCON et al. v. ERNEST COMMUNITIES, LLC.**

After its application for a land development permit was denied, Ernest Communities, LLC ("Ernest") sued the city of Rincon and others ("the City"), stating claims for declaratory judgment, permanent injunction, mandamus relief, and damages pursuant to 42 USC § 1983. In the order at issue in this appeal, the superior court, in relevant part, held that a recent amendment to the Georgia Constitution waived sovereign immunity as to the injunctive relief sought by Ernest.

Effective January 1, 2021, Article I, Section II, Paragraph V (b) (1) of the Georgia Constitution provides:

> Sovereign immunity is hereby waived for actions in the superior court seeking declaratory relief from acts of the state or any agency, authority, branch, board, bureau, commission, department, office, or public corporation of this state or officer or employee thereof or any county, consolidated government, or municipality of this state or officer or employee thereof outside the scope of lawful authority or in violation of the laws or the Constitution of this state or the Constitution of the United States. Sovereign immunity is further waived so that a court awarding declaratory relief pursuant to this Paragraph may, only after awarding declaratory relief, enjoin such acts to enforce its judgment. Such waiver of sovereign immunity under this Paragraph shall apply to past, current, and prospective acts which occur on or after January 1, 2021.

Addressing Ernest's request for a permanent injunction preventing the City from restricting the use of Ernest's property, the superior court ruled that "[a]ny such attempted restriction will necessarily constitute potential 'prospective acts' at the time of entry of any declaratory judgment herein, and so sovereign immunity is expressly waived by the new constitutional provision as to the injunctive relief sought." On appeal, the City contends that the word "acts" in Article I, Section II, Paragraph V (b) (1) refers to the underlying conduct or events giving rise to the claim for declaratory judgment. Ernest, on the other hand, argues that the "prospective acts *cannot* be the acts as to which declaratory relief was granted, since they *must* be such as might occur only after that grant."

The Supreme Court of Georgia "has exclusive jurisdiction over all cases involving construction of the Constitution of the State of Georgia and of the United States and all cases in which the constitutionality of a law, ordinance, or constitutional provision has been called into question." *Atlanta Independent School System v. Lane*, 266 Ga. 657, 657 (1) (469 SE2d 22) (1996); Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1). This exclusive jurisdiction extends "only to constitutional issues that were distinctly ruled on by the trial court and that do not involve the application of unquestioned and unambiguous constitutional provisions or challenges to laws previously held to be constitutional against the same attack." (Citation and punctuation omitted.) *State v. Davis*, 303 Ga. 684, 687 (814 SE2d 701) (2018). Because it appears that the superior court construed part of Article I, Section II, Paragraph V (b) (1) of the Georgia Constitution in reaching its decision, jurisdiction over this case may lie in the Supreme Court, even if the case may ultimately be resolved on other grounds. See *Harrison v. Wigington*, 269 Ga. 388, 388 (497 SE2d 568) (1998) ("If a constitutional question is raised and ruled on below, [the Supreme Court] has exclusive appellate jurisdiction, and this is true, although upon a consideration of the entire case, [it] determines that a decision upon such constitutional questions is not necessary to a proper solution of the case, and makes no decision thereon.") (citation and punctuation omitted).

As the Supreme Court has the ultimate responsibility for determining appellate

jurisdiction, see *Saxton v. Coastal Dialysis & Med. Clinic*, 267 Ga. 177, 178 (476 SE2d 587) (1996), this appeal is TRANSFERRED to the Supreme Court for disposition.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* __09/20/2023__

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*