## TURNER *v.* THE STATE.

No. 9432.   APRIL 11, 1933.

*Hugh E. Combs* and *C. D. Colley*, for plaintiff in error.
*M. L. Felts, solicitor-general,* contra.

BECK, P. J.  Arthur Turner was tried under an indictment charging him with the offense of possessing liquor, and the jury returned a verdict of guilty.  He made a motion for a new trial.  The motion was overruled, and the defendant excepted.

The orginal motion consists of the usual general grounds.  By amendment several grounds making special assignments of error were added, two of them assigning error on the failure of the court to instruct the jury as to the law relative to joint occupancy and control of the building wherein the liquor was alleged to have been found.  Another ground assigns error upon the court's instructions to the jury touching the burden of proof and presumption of innocence, etc.  Other grounds relate to the charge of the court upon the subject of the prisoner's statement and the law of reasonable doubt.  Error is also assigned upon the ruling of the court permitting a witness for the State to testify as to the finding of liquor in the defendant's barn and as to a search inside of defendant's dwell-

ing-house, where it is stated a quantity of whisky was discovered. And one ground is based upon certain alleged newly discovered evidence. The movant insisted that the testimony of the witness as to the finding of liquor in the barn and as to the search inside of the dwelling-house, which resulted in the discovery of a quantity of liquor, should have been excluded; that the officers making the search had no warrant authorizing the search of the dwelling-house or the barn; and that the admission of this testimony "was a violation of the defendant's constitutional right to a fair and impartial trial, and in violation of article 4 of the amendment to the constitution of the United States, as appears in section 6687 of the Code of Georgia, and of article 1, section 1, paragraph 16, of the constitution of Georgia." There were other similar objections to the testimony offered as to the search, etc.

In view of the character of the exceptions to the rulings, and the charge of the court, as contained in the motion for a new trial, this case must be transferred to the Court of Appeals, as this court is without jurisdiction of the writ of error. No constitutional question is raised for determination by this court. As stated above, there were certain exceptions based upon the contention that the admission of the evidence referred to violated the rights of the defendant as guaranteed to him by the State and Federal constitutions; but these assignments of error did not raise such questions as to the construction of any part of the State or Federal constitution as to give this court jurisdiction. The questions involve merely the application of well-known constitutional principles, and not the construction of the constitution in the meaning of that expression where used in the State constitution defining the jurisdiction of this court. This precise question has been settled by the decision in the case of *Howell* v. *State,* 153 *Ga.* 201 (111 S. E. 675). The ruling there made has been repeated in other decisions by this court. See *Norman v. State,* 171 *Ga.* 527 (156 S. E. 203), and cit. In view of those decisions this case will be transferred to the Court of Appeals.                          *So ordered.*