# Court of Appeals
# of the State of Georgia

ATLANTA, January 10, 2018

*The Court of Appeals hereby passes the following order:*

## A18D0242.  MOUNTAIN AREA RECOMMENDED CONTRACTORS & PROVIDERS v. MARGO VUCHETICH et al.

This breach of contract action – which comes to us by way of an application for discretionary appeal – involves the third identical claim arising from a purported agreement for the plaintiff, Mountain Area Recommended Contractors & Providers, to repair the Fannin County vacation home of the defendants, Margo Vuchetich and Richard Molina.  The defendants maintain their domicile and primary residence in Gwinnett County.

The plaintiff filed a first breach of contract action against the defendants[1] in the Fannin County Magistrate Court, which transferred the case to the Gwinnett County Magistrate Court based on its finding that venue was proper there.  The Gwinnett County Magistrate Court dismissed the case based on the plaintiff's failure to appear. The plaintiff then filed a second breach of contract action against the defendants in the Fannin County Magistrate Court, which again transferred the case to the Gwinnett County Magistrate Court based on venue.

Subsequently, the plaintiff filed this third breach of contract action against the defendants in the Fannin County Magistrate Court.  When the defendants objected to proceeding with the third case because the second case remained pending, the plaintiff voluntarily dismissed the second case without prejudice.  The Fannin County Magistrate Court transferred the third case to the Gwinnett County Magistrate Court

---

[1] Molina may not have been made a defendant in the first action, but this issue is not germane to our instant ruling.

based on venue. The Gwinnett County Magistrate Court entered judgment on the plaintiff's claim in favor of the defendants, and the plaintiff appealed to the Gwinnett County Superior Court.

In the Gwinnett County Superior Court, the plaintiff filed a motion to transfer to the Fannin County Superior Court, arguing that under Ga. Const. of 1983, Art. VI, Sec. II, Par. VI – providing that all civil cases other than those specifically excepted "shall be tried in the county where the defendant resides" – a defendant "resides" in both the county where he or she has a primary residence and the county where he or she has a second or vacation home. The Gwinnett County Superior Court denied the motion, finding that under the Constitution the defendants only resided in Gwinnett County because they lived there year-round. The defendants filed a motion to dismiss the plaintiff's appeal to the superior court, arguing that the appeal was barred under OCGA § 15-10-41 (b) (2) because the first two cases had been dismissed. The superior court granted the motion. The plaintiff then filed this application for discretionary appeal of both the denial of the plaintiff's motion to transfer and the grant of the defendants' motion to dismiss.

We conclude that the application should be transferred to the Georgia Supreme Court. The Supreme Court has exclusive jurisdiction over "[a]ll cases involving the construction of . . . the Constitution of the State of Georgia[.]" Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1); see *Atlanta Independent School System v. Lane*, 266 Ga. 657, 657-658 (1) (469 SE2d 22) (1996). Because the plaintiff's motion to transfer called into question the construction of one of the Georgia Constitution's venue provisions and the trial court rejected the plaintiff's proposed interpretation, it appears that jurisdiction over the application may lie in the Supreme Court, despite the fact that the application may ultimately be resolved on other grounds. See *Harrison v. Wigington*, 269 Ga. 388, 388 (497 SE2d 568) (1998) ("If a constitutional question is raised and ruled on below, [the Supreme] [C]ourt has exclusive appellate jurisdiction, and this is true, although upon a consideration of the entire case, [the Supreme] [C]ourt determines that a decision upon such constitutional questions is not necessary to a proper solution of the case, and makes no decision thereon.")

(punctuation omitted). While the Supreme Court does not have exclusive jurisdiction over cases that "involve merely the application of well-known constitutional principles," *Turner v. State*, 176 Ga. 823, 823 (169 SE 21) (1933), and the Supreme Court has generally equated a defendant's residence with domicile for purposes of venue, see *Sorrells v. Sorrells*, 247 Ga. 9, 11 (3) (274 SE2d 314) (1981); *Youmans v. Hickman*, 179 Ga. 684 (177 SE 238) (1934), it does not appear that the Supreme Court has addressed the discrete constitutional venue issue presented here.

As the Supreme Court has the ultimate responsibility for determining appellate jurisdiction, see *Saxton v. Coastal Dialysis & Med. Clinic*, 267 Ga. 177, 178 (476 SE2d 587) (1996), this application is hereby TRANSFERRED to the Supreme Court for disposition.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,  01/10/2018  *
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*



_____ , *Clerk.*