# Court of Appeals
# of the State of Georgia

ATLANTA, August 17, 2018

*The Court of Appeals hereby passes the following order:*

**A18A1093. THE STATE v. JOHNSON.**

The State appeals from the trial court's order finding that "Paragraph XVI of the Georgia Constitution or the Fourth Amendment of [the] United States Constitution precludes the State from using Mr. Johnson's refusals [to submit to a state-administered breath or blood test], in [a prior] 2010 arrest or the current cases against him at trial." In its first enumeration of error, the State contends that "[t]he trial court's at-issue order demonstrates that the trial court erred as a matter of law by holding that the Georgia and United States Constitutions preclude 'the State from using [Appellee's] r[e]fusals, in the 2010 arrest or the current cases, against [Appellee] at trial'[.] . . ." The Supreme Court of Georgia "has exclusive jurisdiction over all cases involving construction of the Constitution of the State of Georgia and of the United States and all cases in which the constitutionality of a law, ordinance, or constitutional provision has been called into question." *Atlanta Independent School System v. Lane*, 266 Ga. 657, 657 (1) (469 SE2d 22) (1996) (citing Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1)). While the Supreme Court does not have exclusive jurisdiction over cases that "involve merely the application of well-known constitutional principles," *Turner v. State*, 176 Ga. 823 (169 SE 21) (1933), it does not appear that the Supreme Court of Georgia has addressed the discrete constitutional question presented here. We note that while the Supreme Court recognized in *Olevik v. State*, 302 Ga. 228, 246 (2) (iv) (806 SE2d 505) (2017), that the Georgia Constitution preserves a criminal defendant's right to refuse to submit to chemical tests, it did not address whether the admission of such a refusal into evidence violates the Georgia Constitution. Additionally, our decision in *MacMaster*

*v. State*, 344 Ga. App. 222 (809 SE2d 478) (2018), addressed only whether the admission of a refusal to take a preliminary breath test violated the Fourth Amendment, not Paragraph XVI of the Georgia Constitution. Id. at 230 (1) (d). See also *Cherry v. State*, 345 Ga. App. 409, 411-412 (1) (813 SE2d 408) (2018) (holding that trial court did not err in admitting evidence of defendant's refusal to take a breath test because defendant's refusal was not the exercise of the constitutional right against unreasonable searches and seizures where test was permitted as a search incident to arrest). And our decision in *State v. Council*, 343 Ga. App. 583 (807 SE2d 504) (2017), has been vacated by the Supreme Court of Georgia in *Council v. State*, Case No. S18C0494, decided May 21, 2018. Finally, the Supreme Court of Georgia has granted a writ of certiorari in a similar case to address the issue presented in this case. See *Elliott v. State*, Case No. S17C0716, order entered April 17, 2018.

Additionally, we note that OCGA § 40-6-392 (d) provides: "In any criminal trial, the refusal of the defendant to permit a chemical analysis to be made of his blood, breath, urine, or other bodily substance at the time of his arrest shall be admissible in evidence against him." Because the trial court ruled, in essence, that OCGA § 40-6-392 (d) is unconstitutional as applied to Johnson, it appears that an additional ground might exist for jurisdiction in the Supreme Court. See *Malloy v. State*, 293 Ga. 350, 353 (1) (744 SE2d 778) (2013) ("this Court has jurisdiction over appellant's claim that the trial court erred in rejecting his constitutional challenge to OCGA § 49-4-146.1 (b) (2) [the Medicaid fraud statute] as applied . . .").

As the Supreme Court has the ultimate responsibility for determining appellate jurisdiction, *Saxton v. Coastal Dialysis & Med. Clinic*, 267 Ga. 177, 178 (476 SE2d 587) (1996), this appeal is hereby TRANSFERRED to the Supreme Court for disposition.



*Court of Appeals of the State of Georgia*
　　　*Clerk's Office, Atlanta,　08/17/2018　　　　*
　　　*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
　　　*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *Stephen E. Castlen* _____ *, Clerk.*