41013. TRAINER et al. v. CITY OF COVINGTON et al.

FELTON, Chief Judge. The transfer of this case to this court by the Supreme Court is conclusive as to this court's sole juris-

diction over this case as the record and prayers now stand. There is only one other phase of the case remaining and that is whether the petition as amended, as shown by the record here, sets forth a cause of action for declaratory judgment after the injunctive features were removed. Such a ruling cannot be made in passing on the record as of the time the demurrers were sustained. The question can only be reached in a consideration of whether the action for a declaratory judgment had also become moot and the consequence of a finding that it had. There was no prayer for a money judgment in this case. There was only a prayer for a declaratory judgment and injunction. The developments after the court sustained the demurrers and dismissed the action not only rendered moot the question of enjoining the performance of the contract but also rendered moot the question whether the plaintiffs were entitled to a declaratory judgment because upon performance of the contract there was no basis in law for a declaratory judgment, since all of the rights of the parties had accrued and all the plaintiffs have to do is to file an action in the appropriate forum for a money judgment and whatever other relief they may be entitled to, if any, since the plaintiffs needed no adjudication to guide them in any future action they might have to take. Any ruling we now make on the theory of a declaration of rights would only be an advisory opinion which this court does not have jurisdiction to make.

In this situation, since the only questions sought to be raised are moot, the writ of error must be and is hereby dismissed without prejudice to the urging of any rights to which the plaintiffs may be entitled under the facts as they now appear.

*Writ of error dismissed. Frankum and Pannell, JJ., concur.*

DECIDED MARCH 25, 1965.

*Ballard & Thigpen, W. D. Ballard, Troy R. Thigpen, Jr.,* for plaintiffs in error.

*Reuben M. Tuck, Greeley Ellis,* contra.