## A94A2048, A94A2049. AUTO CASH, INC. v. HUNT;
### and vice versa.
#### (454 SE2d 162)

ANDREWS, Judge.

On May 4, 1992, Auto Cash, Inc. ("Auto Cash") filed a complaint against defendant Michael Hunt d/b/a Auto Cash ("Hunt") for damages and injunctive relief. On February 12, 1993, Auto Cash moved the court for preliminary injunctive relief and for partial summary judgment. Auto Cash argued that irreparable harm would result from Hunt's continued use of its trademark and that, as a matter of law, it was entitled to damages. Hunt filed a response to Auto Cash's motion and also filed a motion for summary judgment.

The superior court denied Auto Cash's motion for a temporary restraining order, preliminary injunction and partial summary judgment. The court also denied Hunt's motion for summary judgment. Auto Cash filed a timely notice of appeal to the Supreme Court and Hunt filed a notice of cross-appeal. Subsequently, the Supreme Court transferred the cases to this court.

These cases were filed in the Supreme Court, presumably because OCGA § 5-6-34 (a) provides that direct appeals may be taken from "(4) [a]ll judgments or orders granting or refusing applications . . . for interlocutory or final injunctions." The Supreme Court summarily transferred the cases to this court, which does not have jurisdiction of equity cases, thus indicating that the appeals should have been filed in this court in the first place because equitable relief was merely ancillary. See *Beauchamp v. Knight*, 261 Ga. 608, 609 (2) (409 SE2d 208) (1991). The Georgia Constitution states that, unless otherwise provided by law, the Supreme Court "shall have appellate jurisdiction of . . . [a]ll equity cases." Ga. Const. 1983, Art. VI, Sec. VI, Par. III. Since this court does not have jurisdiction over the question of whether equitable relief in the form of injunction should have been granted or denied,[1] but only over the efficacy of the summary judgment rulings, the appeals should have been brought in this court pursuant to the interlocutory appeal procedure because the crux of the matter is whether summary judgment was properly denied. OCGA §§ 5-6-34; 9-11-56 (h).

The mere request for interlocutory injunction does not make a ruling thereon subject to direct appeal under OCGA § 5-6-34 (a) (4); if it is ancillary to an underlying legal question which prompts a ruling on summary judgment, the method for appealing such a ruling must be followed. No certificate was obtained from the trial court, and no application was filed in this court, so neither the trial judge

---

[1] "Appeals from orders granting or denying temporary restraining orders" are discretionary. OCGA § 5-6-35 (a) (9).

nor this court has had the opportunity to exercise our respective discretions in determining whether it is appropriate to delay final resolution of this case on the trial level by allowing an interlocutory appeal. Having not followed the proper procedural course, the appeals are dismissed. See *Rogers v. Dept. of Human Resources*, 195 Ga. App. 118 (392 SE2d 713) (1990).

*Appeals dismissed. Beasley, C. J., and Johnson, J., concur.*

DECIDED FEBRUARY 7, 1995.

*Davis, Zipperman, Kirschenbaum & Lotito, Steven A. Suna*, for appellant.

*Sims, Fleming & Swan, Carlton A. Fleming, Jr., Kunes & Kunes, G. G. Kunes, Jr.*, for appellee.

