S96G1177. SAXTON v. COASTAL DIALYSIS & MEDICAL CLINIC, INC.

(476 SE2d 587)

CARLEY, Justice.

Coastal Dialysis & Medical Clinic, Inc. (Coastal) brought suit to enforce a non-competition covenant against Dr. Saxton. When the trial court granted Coastal an interlocutory injunction and also issued a certificate of immediate review, Dr. Saxton applied to this Court for an interlocutory appeal. However, the application was transferred to the Court of Appeals pursuant to *Pittman v. Harbin Clinic Professional Assn.*, 263 Ga. 66 (428 SE2d 328) (1993). After the transfer of his application, Dr. Saxton filed a notice of direct appeal to the Court of Appeals.

The Court of Appeals dismissed Dr. Saxton's application, on the ground that the grant or denial of an interlocutory injunction is directly appealable under OCGA § 5-6-34 (a) (4). In its subsequent opinion in the direct appeal, the Court of Appeals concluded that this Court's transfer of Dr. Saxton's application "eliminated from review

the foundation for direct appeal status under OCGA § 5-6-34 (a) (4), that is, the injunctive nature of relief granted." *Saxton v. Coastal Dialysis &c. Clinic*, 220 Ga. App. 805, 806 (1) (470 SE2d 252) (1996). Although Dr. Saxton's direct appeal was considered on the merits, the Court of Appeals held that, pursuant to *Auto Cash v. Hunt*, 216 Ga. App. 239 (454 SE2d 162) (1995), all such future cases must comply with the interlocutory appeal procedure. We granted certiorari to consider this question of appellate jurisdiction.

The jurisdiction of this Court and that of the Court of Appeals derive from our state constitution. Thereunder, this Court has exclusive appellate jurisdiction over two enumerated classes of cases pursuant to Ga. Const. of 1983, Art. VI, Sec. VI, Par. II, and general appellate jurisdiction over several other enumerated classes of cases pursuant to Art. VI, Sec. VI, Par. III. Our constitution also provides that the Court of Appeals has appellate "jurisdiction in all cases not reserved to the Supreme Court . . . ." Ga. Const. of 1983, Art. VI, Sec. V, Par. III.

The Georgia Constitution grants this Court exclusive appellate jurisdiction over cases involving construction of our state constitution (Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1)), and provides that the decisions of this Court "shall bind all other courts as precedents." Ga. Const. of 1983, Art. VI, Sec. VI, Par. VI. Therefore, the ultimate responsibility for construing the constitutional provisions regarding appellate jurisdiction rests with this Court. This constitutional responsibility is an important one, the exercise of which we do not undertake lightly, as it results in a binding and conclusive determination of the jurisdiction of the Court of Appeals. See, e.g., *Paul Robinson, Inc. v. Haege*, 218 Ga. App. 578, 579 (462 SE2d 396) (1995); *Rewis v. Browning*, 153 Ga. App. 352 (1) (265 SE2d 316) (1980); *Hinton v. Ga. Power Co.*, 126 Ga. App. 416 (1) (190 SE2d 811) (1972); *Woods v. State*, 117 Ga. App. 546 (160 SE2d 922) (1968); *Trainer v. City of Covington*, 111 Ga. App. 425-426 (142 SE2d 75) (1965).

Included among those cases over which the constitution grants this Court general appellate jurisdiction are "[a]ll equity cases." Ga. Const. of 1983, Art. VI, Sec. VI, Par III (2). In the exercise of our constitutional responsibility to construe this grant of general appellate jurisdiction, we have held that a case is not necessarily an "equity" case simply because injunctive relief has been sought therein. *Pittman v. Harbin Clinic Professional Assn.*, supra. Although an injunction may constitute one form of equitable relief, our appellate jurisdiction under Art. VI, Sec. VI, Par. III (2) does not attach simply because the pleadings in a case contain a prayer for an injunction or any other form of equitable relief. Instead, an equity case for purposes of our appellate jurisdiction is a case "in which a substantive issue on appeal involves the legality or propriety of equitable relief

sought in the superior court . . . ." *Beauchamp v. Knight*, 261 Ga. 608, 609 (2) (409 SE2d 208) (1991).

> "Cases in which the grant or denial of [equitable] relief was merely ancillary to underlying issues of law, or would have been a matter of routine once the underlying issues of law were resolved, are not 'equity cases.' [Cit.]"

*Pittman v. Harbin Clinic Professional Assn.*, supra at 66. Thus, the transfer of the interlocutory application in this case to the Court of Appeals pursuant to *Pittman* was simply a binding determination that it is not an "equity" case within this Court's general appellate jurisdiction, even though it clearly does involve the grant of equitable relief in the form of an injunction. The grant of injunctive relief to Coastal was merely ancillary to the underlying legal issue of whether the trial court properly construed Dr. Saxton's non-competition covenant. A case involving only such an underlying legal issue is within the appellate jurisdiction of the Court of Appeals, because it is not reserved within the exclusive or general jurisdiction conferred on this Court by either Par. II or III of Art. VI, Sec. VI of our constitution.

This distinction between an equity *case* and a case wherein equitable *relief* was sought is a crucial one. While our state constitution provides that this Court's general appellate jurisdiction includes equity *cases*, those judgments which are made directly appealable under OCGA § 5-6-34 (a) (4) are defined in terms of equitable *relief* "granting or refusing applications . . . for interlocutory or final injunctions." Therefore, if an appeal from a judgment granting or denying equitable relief in the form of an injunction is transferred to the Court of Appeals pursuant to *Pittman*, the case is not an "equity" case within this Court's general appellate jurisdiction, but the judgment therein nevertheless remains one granting or denying injunctive relief and is directly appealable under OCGA § 5-6-34 (a) (4). It follows that the Court of Appeals erred in concluding that our transfer of Dr. Saxton's application eliminated the basis for review by direct appeal pursuant to OCGA § 5-6-34 (a) (4). Pursuant to that statute, the Court of Appeals, rather than this Court, would have appellate jurisdiction over the direct appeal of a case which involves the grant or denial of injunctive relief if it is not otherwise an "equity" case. Accordingly, we disapprove of the Court of Appeals' construction of OCGA § 5-6-34 (a) (4) and we also overrule *Auto Cash v. Hunt*, supra, to the extent that it holds that the Court of Appeals has no jurisdiction under that statute to entertain a direct appeal from a judgment granting or denying injunctive relief in a case which is not otherwise within this Court's "equity" jurisdiction.

As noted, the Court of Appeals did address the merits of Dr. Saxton's direct appeal. We did not grant certiorari to review that portion of the Court of Appeals' opinion and the judgment of that court affirming the judgment of the trial court, therefore, is affirmed.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 15, 1996.

*Royal & Vaughan, J. Scott Vaughan,* for appellant.
*Ellis, Painter, Ratterree & Bart, Paul W. Painter, Jr.,* for appellee.