# Court of Appeals
# of the State of Georgia

ATLANTA,  April 05, 2018

*The Court of Appeals hereby passes the following order:*

**A18D0370.  EPPIE EULA BOOKER v. INGLES #4444 et al.**

A State Board of Workers' Compensation administrative law judge ruled that Eppie Eula Booker was not entitled to workers' compensation benefits because she had failed to carry her burden of proving, by a preponderance of the evidence, that she suffered a work-related injury.  Booker appealed to the Board's appellate division, which adopted the administrative law judge's award.  Booker then appealed to superior court.  The superior court heard the appeal within 60 days of docketing, but did not issue a ruling within 20 days of the hearing.  See OCGA § 34-9-105 (b) (setting forth requirements for appeal).  Instead, 30 days after the hearing the superior court entered an order noting that the appellate division's ruling was affirmed by operation of law pursuant to OCGA § 34-9-105 (b)  Booker now seeks discretionary review in this Court.

In addition to challenging the merits of the appellate division's ruling, Booker also "seeks to appeal the validity of the appeal system itself – one where the Legislature has denied an aggrieved party in a workers' compensation claim of their right to a direct appeal; and, in so doing, has improperly expanded the constitutional jurisdiction of the Court of Appeals and has violated equal protection guarantees of the State and Federal Constitutions." In particular, Booker argues that OCGA § 34-9-105 (b) is unconstitutional.  She represents that "[n]o appellate court has ruled on the constitutionality of OCGA § 34-9-105 (b).

The Supreme Court of Georgia "has exclusive jurisdiction over all cases involving construction of the Constitution of the State of Georgia and of the United States and all cases in which the constitutionality of a law, ordinance, or

constitutional provision has been called into question." *Atlanta Independent School System v. Lane*, 266 Ga. 657, 657 (1) (469 SE2d 22) (1996) (citing Ga. Const. of 1983, Art. VI, Sec. VI, Par. II). Because this application calls into question the constitutionality of a statute,[1] jurisdiction appears to lie in the Supreme Court. As the Supreme Court has the ultimate responsibility for determining appellate jurisdiction, see *Saxton v. Coastal Dialysis & Med. Clinic, Inc.*, 267 Ga. 177, 178 (476 SE2d 587) (1996), this application is hereby TRANSFERRED to the Supreme Court for disposition.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   04/05/2018*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[1] Generally, constitutional challenges will not be heard on appeal unless they have first been raised and ruled upon in the trial court. *In the Interest of A. C.*, 285 Ga. 829, 832 (1) (686 SE2d 635) (2009). But there is an exception to this rule "in the instance of a challenge to the constitutionality of a statute governing appellate procedure that is necessarily made for the first time on appeal." Id.