# Court of Appeals
# of the State of Georgia

ATLANTA, June 22, 2018

*The Court of Appeals hereby passes the following order:*

## A18I0225. KONRAD NATHANIEL BUNDE v. THE STATE.

Konrad Nathaniel Bunde filed this application for interlocutory appeal seeking appellate review of the trial court's order denying his "Second Amendment to Motion in Limine and Motion to Suppress." The application materials show that Bunde was placed under arrest for DUI less safe, under OCGA § 40-6-391 (a) (1), but was not advised of his *Miranda*[1] rights. The State asked Bunde to submit to a breath alcohol test and advised him of Georgia's implied consent notice under OCGA § 40-5-67.1 (b). After administering the breath alcohol test, the State charged Bunde with DUI per se, under OCGA § 40-6-391 (a) (5). Bunde filed the motion to suppress, challenging the constitutionality of OCGA § 40-5-67.1 (b) as applied to these facts under the Supreme Court's recent decision in *Olevik v. State*, 302 Ga. 228 (806 SE2d 505) (2017). The trial court denied Bunde's motion, finding that the State was not required to provide him with a *Miranda* warning in his case.

The Supreme Court has exclusive appellate jurisdiction in "all cases in which the constitutionality of a law, ordinance, or constitutional provision has been drawn in question." Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1); see also *Zarate-Martinez v. Echemendia*, 299 Ga. 301, 304 (2) (788 SE2d 405) (2016). Because it appears the trial court rejected Bunde's challenge to the constitutionality of OCGA § 40-5-67.1 (b) in his case, jurisdiction over this application may lie in the Supreme Court. As the Supreme Court has the ultimate responsibility for determining appellate jurisdiction, see *Saxton v. Coastal Dialysis & Med. Clinic*, 267 Ga. 177, 178

---

[1] *Miranda v. Arizona*, 384 U. S. 436 (86 SCt 1602, 16 LE2d 694) (1966).

(476 SE2d 587) (1996), this application is hereby TRANSFERRED to the Supreme Court for disposition.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,* __06/22/2018__
    *I certify that the above is a true extract from* the minutes of the Court of Appeals of Georgia.
    *Witness my signature and the seal of said court* hereto affixed the day and year last above written.

_____ , *Clerk.*