# Court of Appeals
# of the State of Georgia

ATLANTA, __December 20, 2018__

*The Court of Appeals hereby passes the following order:*

**A18A1770. MICHAEL CHRISTOPHER DODSON v. THE STATE.**

We granted interlocutory review of the trial court's order denying Michael Christopher Dodson's motion to suppress the results of a breath-alcohol test. One of the arguments made by Dodson in his motion was that the implied consent statute, OCGA § 40-5-67.1 (b), violated the provision of Georgia's Constitution prohibiting a person from being "compelled to give testimony tending in any manner to be self-incriminating." Ga. Const. of 1983, Art. I, Sec. I, Par. XVI. In a September 7, 2017 order, the trial court rejected this argument and held that the implied consent statute did not violate Georgia's Constitution. The trial court cited *Klink v. State*, 272 Ga. 605 (533 SE2d 92) (2000), in support of that conclusion.

The following month, in *Olevik v. State*, 302 Ga. 228, 244-246 (2) (c) (iv) (806 SE2d 505) (2017), our Supreme Court overruled *Klink* "to the extent [it held] that Paragraph XVI of the Georgia Constitution does not protect against compelled breath tests[.]" Nevertheless, the Supreme Court rejected the defendant's challenges to OCGA § 40-5-67.1 (b). *Olevik*, 302 Ga. at 246-252 (3). The facts in this appeal are similar but not identical to those in *Olevik* because Dodson does not have a Georgia driver's license.

The Supreme Court has exclusive appellate jurisdiction in "all cases in which the constitutionality of a law, ordinance, or constitutional provision has been drawn in question." Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1). Because the trial court rejected Dodson's challenge to the constitutionality of OCGA § 40-5-67.1 (b) in reliance on a decision subsequently overruled in *Olevik*, and the facts in this case are not fully analogous to those in *Olevik*, jurisdiction over this appeal may lie in the

Supreme Court. As the Supreme Court has the ultimate responsibility for determining appellate jurisdiction, see *Saxton v. Coastal Dialysis & Med. Clinic*, 267 Ga. 177, 178 (476 SE2d 587) (1996), this appeal is hereby TRANSFERRED to the Supreme Court for disposition.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,　12/20/2018　*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*