# Court of Appeals
# of the State of Georgia

ATLANTA,  July 30, 2019

*The Court of Appeals hereby passes the following order:*

## A19D0544. DEPARTMENT OF HUMAN SERVICES et al. v. CLIFTON LEONARD.

The Georgia Department of Human Services, Division of Family and Children Services ("DFCS") notified Clifton Leonard that it was placing his name on the Georgia central child abuse registry based upon its finding that he had committed child abuse. An Administrative Law Judge upheld this decision upon a challenge by Leonard, and Leonard sought superior court review. The superior court reversed the administrative decision, concluding that the act establishing the child abuse registry was unconstitutional as applied to Leonard. DFCS then filed in this Court this application for discretionary review. However, it appears that jurisdiction is proper in the Supreme Court.

The Supreme Court has exclusive appellate jurisdiction in "all cases in which the constitutionality of a law, ordinance, or constitutional provision has been drawn in question." Ga. Const. of 1983, Art. VI, Sec. VI, Para. II (1); see also *Zarate-Martinez v. Echemendia*, 299 Ga. 301, 304 (2) (788 SE2d 405) (2016). As DFCS points out, this jurisdictional provision "extend[s] only to constitutional issues that were distinctly ruled on by the trial court and that do not involve the application of unquestioned and unambiguous constitutional provisions or challenges to laws previously held to be constitutional against the same attack." *State v. Davis*, 303 Ga. 684, 687 (1) (814 SE2d 701) (2018). Here, however, the superior court specifically deemed the act establishing the child abuse registry to be unconstitutional as applied to Leonard. Furthermore, it does not appear that the Supreme Court has addressed the constitutional provisions in question with respect to the child abuse registry under the

circumstances presented here. See *Davis*, 303 Ga. at 688 (1) (Supreme Court had jurisdiction to review constitutional issue of first impression); see also *Ga. Dept. of Human Svcs. v. Steiner*, 303 Ga. 890 (815 SE2d 883) (2018) (reviewing and rejecting constitutional challenge to act establishing child abuse registry under different circumstances); *State v. Jackson*, 269 Ga. 308 (496 SE2d 912) (1998) (declaring prior version of act establishing registry unconstitutional). We also note that the Supreme Court has the ultimate responsibility for determining appellate jurisdiction. See *Saxton v. Coastal Dialysis & Med. Clinic*, 267 Ga. 177, 178 (476 SE2d 587) (1996).

Accordingly, this application is hereby TRANSFERRED to the Supreme Court for disposition.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta, 07/30/2019*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*