# Court of Appeals
# of the State of Georgia

ATLANTA,  March 19, 2020

*The Court of Appeals hereby passes the following order:*

## A20E0039.  BARROW v. RAFFENSPERGER.

John Barrow has filed an emergency motion for expedited consideration of his petition for a writ of mandamus.

Barrow filed a petition for a writ of mandamus in the Superior Court of Fulton County seeking an order requiring Brad Raffensperger, in his official capacity as Georgia Secretary of State, to receive and determine the sufficiency of applications for qualification for the office of Justice of the Supreme Court of Georgia for the seat currently occupied by Justice Keith R. Blackwell.

Justice Blackwell currently serves as Associate Justice of the Supreme Court of Georgia. His current term began on January 1, 2015, and ends on December 31, 2020. On February 26, 2020, Justice Blackwell submitted a letter of resignation, effective November 18, 2020.  On the same day, Governor Brian Kemp signed a letter accepting Justice Blackwell's resignation.

On March 1, 2020, David Dove, Executive Counsel to Governor Kemp, notified Secretary Raffensperger that Governor Kemp intended to fill Justice Blackwell's seat on the Supreme Court of Georgia by appointment. Also on March 1, 2020, Secretary Raffensperger determined that qualification materials and fees would not be accepted for the seat on the Supreme Court of Georgia currently held by Justice Blackwell because the position would be filled by appointment by Governor Kemp. The qualification period for candidates for the May 19, 2020 non-partisan general election (which includes the Supreme Court of Georgia) began on March 2, 2020, and ended on March 6, 2020. On March 2, 2020, Barrow attempted to qualify to run for the position of Justice of the Supreme Court for the seat currently

occupied by Justice Blackwell. Secretary Raffensperger's staff declined to accept Barrow's qualifying fee or notice of candidacy.

After a hearing on March 13, 2020, the superior court denied Barrow's petition for a writ of mandamus on March 16, 2020.

In his emergency motion to this Court, Barrow requests that we direct the clerk of the superior court to transmit the record immediately and set an expedited schedule for briefing and oral argument. Although we may have jurisdiction based on the nature of the superior court order and the relief requested by Barrow, in cautious deference to the jurisdictional mandates of the Georgia Constitution, we are transferring this emergency motion to the Supreme Court of Georgia.

The Appellate Jurisdiction Reform Act of 2016 gave this Court jurisdiction over "all equity cases," other than those involving death penalty issues. Ga. L. 2016, p. 883, §§ 3-1 (codified at OCGA § 15-3-3.1 (a) (2)). Barrow's request for relief sounds in mandamus, an equitable remedy; however, the primary underlying issue is an election contest. The Georgia Constitution provides that the Supreme Court of Georgia has exclusive appellate jurisdiction over "[a]ll cases of election contest." Ga. Const. of 1983 Art. VI, § VI, Para. II (2). The Supreme Court has determined that "the phrase '[a]ll cases of election contest' as used in the 1983 Constitution includes . . . challenges to the *candidates for* and *results of* elections[.]" *Cook v. Bd. of Registrars*, 291 Ga. 67, 70 (2) (a) (2) (727 SE2d 478) (2012).

When the type of relief sought is merely ancillary to the underlying legal issue, appellate jurisdiction will be determined by the underlying legal issue. *Saxton v. Coastal Dialysis & Medical Clinic*, 267 Ga. 177, 179 (476 SE2d 587) (1996); see also *Rebich v. Miles*, 264 Ga. 467, 469 (448 SE2d 192) (1994) ("The underlying subject matter generally controls over the relief sought in determining the proper procedure to follow to appeal."). Further, "the ultimate responsibility for construing the constitutional provisions regarding appellate jurisdiction rests with [the Supreme] Court." *Saxton*, 267 Ga. at 179.

In the present appeal, the grant or denial of mandamus relief appears to be merely ancillary to the underlying election contest. Consequently, the Supreme Court

may have jurisdiction over any appeal of the superior court's order denying Barrow's petition for a writ of mandamus. Accordingly, this motion for expedited consideration of his petition for a writ of mandamus is hereby TRANSFERRED to the Supreme Court.



*Court of Appeals of the State of Georgia*
         *Clerk's Office, Atlanta,__03/19/2020_____*
         *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
         *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*