# Court of Appeals
# of the State of Georgia

ATLANTA,  March 08, 2022

*The Court of Appeals hereby passes the following order:*

## A22E0034.  CAMDEN COUNTY, GEORGIA v. ROBERT C. SWEATT JR., et al.

Camden County, Georgia (the "County") entered into an option contract with Union Carbide Corporation to purchase land within the County to facilitate the location of a rocket launch facility for commercial space exploration. James Goodman and Paul A. Harris (the "Interveners") filed a petition in the Probate Court of Camden County seeking a referendum election, pursuant to Art. IX, Sec. II, Par. I (b) (2) of the Georgia Constitution, that would repeal the contract. The probate court sanctioned the petition and called for a special election to be held on March 8, 2022.

The County then filed a petition for a writ of prohibition and other relief in the Superior Court of Camden County, alleging that the probate court exceeded its jurisdiction by certifying the Interveners' petition and calling for the March 8, 2022 special election. Specifically, the County alleged that Art. IX, Sec. II, Par. I (b) (2) of the Georgia Constitution does not authorize a referendum election to repeal the resolutions of the County's Board of Commissioners. After a hearing, the superior court denied the County's petition for relief in an order dated March 4, 2022. The County filed a notice of appeal from the superior court's order. The appeal has not yet been docketed in this Court. The County also filed the instant emergency motion seeking to prevent the probate court from certifying the results of the March 8, 2022 election pending the County's appeal of the validity of the underlying election. Although we may have jurisdiction based on the nature of the superior court order and the relief requested by the County, in cautious deference to the jurisdictional

mandates of the Georgia Constitution, we are transferring this emergency motion to the Supreme Court of Georgia.

The Appellate Jurisdiction Reform Act of 2016 gave this Court jurisdiction over "[a]ll cases involving extraordinary remedies," other than those involving death penalty issues. Ga. L. 2016, p. 883, § 3-1 (codified at OCGA § 15-3-3.1 (a) (4)). The County's request for relief — a writ prohibiting the probate court from certifying the results of the March 8 special election — is an extraordinary remedy. See *Weaver v. State*, 275 Ga. 136, 136 (562 SE2d 183) (2002) (a petition for a writ of prohibition is "an extraordinary remedy"). However, the primary underlying issue is the County's challenge to the validity of the underlying referendum election pursuant to Art. IX, Sec. II, Par. I (b) (2) of the Georgia Constitution. It does not appear that our Supreme Court has addressed the constitutional provision in question with respect to the petition and referendum procedure as applied to counties.[1] See *State v. Davis*, 303 Ga. 684, 688 (1) (814 SE2d 701) (2018) (Supreme Court has exclusive appellate jurisdiction to review constitutional issue of first impression).

When the type of relief sought is merely ancillary to the underlying legal issue, appellate jurisdiction will be determined by the underlying legal issue. *Saxton v. Coastal Dialysis & Medical Clinic*, 267 Ga. 177, 179 (476 SE2d 587) (1996); see also *Rebich v. Miles*, 264 Ga. 467, 469 (448 SE2d 192) (1994) ("[T]he underlying subject matter generally controls over the relief sought in determining the proper procedure to follow to appeal."). Further, "the ultimate responsibility for construing the constitutional provisions regarding appellate jurisdiction rests with [the Supreme]

---

[1] In *Kemp v. City of Claxton*, our Supreme Court held as a matter of first impression that the petition and referendum procedure set forth in the Municipal Home Rule Act, OCGA § 36-35-1 et seq., "applies only to amendments to municipal charters." 269 Ga. 173, 176 (1) (496 SE2d 712) (1998) ("Municipal home rule power is a delegation of the General Assembly's legislative power to the municipalities. Ga. Const. of 1983, Art. IX, Sec. II, Par. II.").

[C]ourt." *Saxton*, 267 Ga. at 178. Accordingly, this emergency motion is hereby TRANSFERRED to the Supreme Court.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* __03/08/2022__

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_Stephen E. Castlen_ *, Clerk.*