# Court of Appeals
# of the State of Georgia

ATLANTA,  July 22, 2022

*The Court of Appeals hereby passes the following order:*

**A22A0887. MATTHEW CHARLES CARDINALE v. CITY OF ATLANTA.**

Matthew Charles Cardinale filed this complaint under the Georgia Open Meetings Act (OCGA § 50-14-1, et seq.) against the City of Atlanta, seeking an injunction to order the City of Atlanta to amend the minutes from a February 2020 city council meeting to reflect that a particular vote did not occur. In a previous suit, Cardinale had obtained a declaratory judgment stating that the vote did not occur. The superior court dismissed the instant suit as barred by res judicata, reasoning that Cardinale should have brought his injunctive relief claim as part of his initial complaint for declaratory relief. This appeal followed.

On appeal, Cardinale argues, as he did below, that a recent amendment to the Georgia Constitution required him to file his injunctive relief claim as a separate action following the award of a declaratory judgment, and res judicata should therefore not apply to bar his lawsuit. Specifically, Cardinale points to the following provision:

> Sovereign immunity is hereby waived for actions in the superior court seeking declaratory relief from acts of the state or any agency, authority, branch, board, bureau, commission, department, office, or public corporation of this state or officer or employee thereof or any county, consolidated government, or municipality of this state or officer or employee thereof outside the scope of lawful authority or in violation of

the laws or the Constitution of this state or the Constitution of the United States. *Sovereign immunity is further waived so that a court awarding declaratory relief pursuant to this Paragraph may, only after awarding declaratory relief, enjoin such acts to enforce its judgment.*

(Emphasis supplied.) Ga. Const. of 1983, Art. I, Sec. II, Par. V (b) (1) (amended by Ga. L. 2020, p. 917, § 1). In its order dismissing Cardinale's complaint, the trial court addressed this argument and interpreted the above language.

Under our Constitution, the Supreme Court of Georgia has exclusive appellate jurisdiction over "[a]ll cases involving the construction of . . . the Constitution of the State of Georgia." See Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1). Because the trial court in this case ruled on Cardinale's constitutional issue, and because the issue involves a new provision of the Georgia Constitution that has not yet been construed by any of the appellate courts of this State, jurisdiction over this appeal may lie in that Court. See *State v. Davis*, 303 Ga. 684, 687 (1) (814 SE2d 701) (2018) (noting that the Supreme Court has jurisdiction over "constitutional question[s] of first impression"); *Saxton v. Coastal Dialysis & Med. Clinic*, 267 Ga. 177, 178 (476 SE2d 587) (1996) (Supreme Court has ultimate authority for determining appellate jurisdiction).

Therefore, we hereby TRANSFER Case No. A22A0887 to the Supreme Court.



**Court of Appeals of the State of Georgia**
**C l e r k ' s      O f f i c e ,**
**Atlanta,** *07/22/2022*
  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

  *Stephen E. Castlen*
            **, Clerk.**