# Court of Appeals
# of the State of Georgia

ATLANTA,  September 13, 2023

*The Court of Appeals hereby passes the following order:*

**A23D0236.  FIRST CENTER, INC. et al v. COBB COUNTY et al.**
**A23A1251. FIRST CENTER, INC. et al. v. COBB COUNTY et al.**

This case arises out of a granted discretionary appeal from the trial court's order granting a motion to dismiss. The underlying action filed by First Center, Inc. and David Pearson Communities, Inc. ("the plaintiffs") against Cobb County, Georgia, Commissioner Joann K. Birrell, in her official capacity, and Zoning Division Manager John Pederson, in his official capacity, ("the defendants") involves a zoning dispute. On November 14, 2022, the plaintiffs filed a second amended petition asserting an additional claim for declaratory judgment for the first time. On January 3, 2023, the trial court granted the defendants' motion to dismiss the complaint for failure to state a claim. On February 21, 2023, this Court granted the plaintiffs' application for discretionary appeal, and the plaintiffs filed a timely notice of appeal on March 1, 2023.

On March 15, 2023, the Supreme Court of Georgia decided *State v. SASS Group*, 315 Ga. 893 (885 SE2d 761) (2023), and interpreted Article I, Section II, Paragraph V (b) (2) of the State Constitution for the first time. As the Supreme Court explained, "[i]n November of 2020, the people of Georgia . . . amended our Constitution to allow for a specific waiver of sovereign immunity . . . for declaratory relief." Id. Paragraph V (b) (2) provides:

> Actions filed pursuant to this Paragraph against this state or any agency, authority, branch, board, bureau, commission, department, office, or public corporation of this state or officer or employee thereof shall be brought exclusively against the state and in the name of the State of

Georgia. Actions filed pursuant to this Paragraph against any county, consolidated government, or municipality of the state or officer or employee thereof shall be brought exclusively against such county, consolidated government, or municipality and in the name of such county, consolidated government, or municipality. Actions filed pursuant to this Paragraph naming as a defendant any individual, officer, or entity other than as expressly authorized under this Paragraph shall be dismissed.

The Supreme Court concluded that "this exclusivity provision . . . means what it says: it requires dismissal of a lawsuit brought under that paragraph against the State if it names defendants other than the State or local governments specifically authorized by that provision." 315 Ga. at 894. It also clarified that

if a plaintiff wants to avail himself of the limited waiver provided by [Article I, Section II,] Paragraph V [of the Georgia Constitution], then he must bring the action "exclusively against the state and in the name of the State of Georgia," which forecloses the option of also suing a state actor in his or her individual capacity in that same suit.

Id. at 903 (2) (c).

Based on the Supreme Court of Georgia's decision in *SASS Group*, the defendants have filed a motion to dismiss this appeal based upon this Court's lack of subject matter jurisdiction. It also requests that we vacate the trial court's orders with direction that the trial court dismiss the case for lack of subject matter jurisdiction. See, e.g., *Ferrell v. Young*, 323 Ga. App. 338, 344 (2) (746 SE2d 167) (2013) ("When the record discloses that the trial court lacked subject matter jurisdiction, we have jurisdiction on appeal, not of the merits but merely for the purpose of correcting the error of the lower court in entertaining the suit.") (citation and punctuation omitted). The plaintiffs, on the other hand, rely upon the Supreme Court of Georgia's decision in *Lathrop v. Deal*, 301 Ga. 408 (801 SE2d 867) (2017), to assert that their action against a commissioner and zoning manager, in their official capacities, amounts to a suit against the county itself and should be considered the equivalent of

bringing the action exclusively in the name of the county under Article I, Section II, Paragraph V (b) (2) of our Constitution. Id. at 421.

Thus, the question before us here is whether Paragraph V (b) (2) requires dismissal of an action naming individual defendants in their official capacities. As the Supreme Court's decision in *SASS Group* addressed only an action naming additional defendants in their individual capacities, this question has not yet been decided by the Supreme Court of Georgia, which has exclusive jurisdiction over "[a]ll cases involving the construction . . . of the Constitution of the State of Georgia. . . ." Ga. Const. of 1983, Art. VI, Sec. VI, Para. II (1). We recognize that the issue was not raised and ruled upon in the trial court, presumably because the Supreme Court of Georgia had not yet decided *SASS Group*. While this might ordinarily mean that jurisdiction does not lie in the Supreme Court of Georgia, see *City of Decatur v. DeKalb County*, 284 Ga. 434, 436 (1) (668 SE2d 247) (2008), the particular issue before us involves subject matter jurisdiction.

> Because fairness to the trial court and to the parties demands that legal issues be asserted in the trial court, absent special circumstances, an appellate court need not consider arguments raised for the first time on appeal. However, such special circumstances include sovereign immunity claims. That is because sovereign immunity of a State agency is not an affirmative defense, going to the merits of the case; instead it raises the issue of the trial court's subject matter jurisdiction to try the case. A court's lack of subject-matter jurisdiction cannot be waived and may be raised at any time either in the trial court, in a collateral attack on a judgment, or in an appeal.

(Citations and punctuation omitted.) *State of Ga. v. Fed. Defender Program*, 315 Ga. 319, 343 (3) (f) (882 SE2d 257) (2022).

As the Supreme Court of Georgia has stated, "the ultimate responsibility for construing the constitutional provisions regarding appellate jurisdiction[,]" *Saxton v. Coastal Dialysis & Med. Clinic*, 267 Ga. 177, 178 (476 SE2d 587) (1996), and a

transfer to the Supreme Court of Georgia therefore appears to be warranted. In cases originating from an application for appeal, the Supreme Court of Georgia has instructed "the Court of Appeals, having determined after granting an application that it has no jurisdiction over the case, to vacate its grant order, dismiss the resulting appeal, and transfer the application to this Court for decision." *In the Interest of T. B.*, 313 Ga. 846, 848, n.3 (874 SE2d 101) (2022). Accordingly, we VACATE our order granting the application for discretionary appeal (Case No. A23D0236), DISMISS this appeal (Case No. A23A1251), and TRANSFER the application for discretionary appeal to the Supreme Court of Georgia (Case No. A23D0236) for a decision.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 09/13/2023

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

Stephen E. Castlen
————————————————— *, Clerk.*