# Court of Appeals
# of the State of Georgia

ATLANTA,  November 09, 2023

*The Court of Appeals hereby passes the following order:*

**A23A1329. STARSHIP ENTERPRISES OF ATLANTA, INC. v. GWINNETT COUNTY.**

In 2022, Starship Enterprises of Atlanta, Inc. filed suit against Gwinnett County seeking through various claims to have Ordinance no. 2015-1082 (the "Ordinance") declared unconstitutional. According to Starship, it "operates 21 general merchandise stores in Georgia and Tennessee, selling a wide variety of items, including smoking supplies, books, clothing, costumes, condoms, body paint, candles, adult sex devices, novelty items and sexually explicit media items." The Ordinance, which was passed in 2015, greatly curtails Starship's operations.

The Superior Court of Gwinnett County granted Gwinnett County's motion to dismiss Starship's lawsuit, in part, on a finding that sovereign immunity precludes Starship's claims. Starship contends that pursuant to a constitutional amendment in 2020, its claims are no longer precluded by sovereign immunity.[1] The trial court

---

[1] Ga. Const. Art. I, Sec. II, Par. V (b) (1) ("Sovereign immunity is hereby waived for actions in the superior court seeking declaratory relief from acts of the state or any agency, authority, branch, board, bureau, commission, department, office, or public corporation of this state or officer or employee thereof or any county, consolidated government, or municipality of this state or officer or employee thereof outside the scope of lawful authority or in violation of the laws or the Constitution of this state or the Constitution of the United States. Sovereign immunity is further waived so that a court awarding declaratory relief pursuant to this Paragraph may, only after awarding declaratory relief, enjoin such acts to enforce its judgment. Such waiver of sovereign immunity under this Paragraph shall apply to past, current, and

found that Starship could not avail itself of this amendment because "Starship's cause of action against the Ordinance arose many years before the waiver amendment passed." It does not appear that the Supreme Court of Georgia has had the opportunity to decide whether the 2020 constitutional amendment at issue waives sovereign immunity for actions seeking to declare unconstitutional an ordinance which was enacted and enforced prior to adoption of the amendment.

Georgia law is clear that:

The applicability of sovereign immunity to claims brought against the State [or a county] is a jurisdictional issue. Indeed sovereign immunity[,] like various other rules of jurisdiction and justiciability[,] is concerned with the extent to which a case properly may come before a court at all. Therefore, the applicability of sovereign immunity is a threshold determination, and, if it does apply, a court lacks jurisdiction over the case and, concomitantly, lacks authority to decide the merits of a claim that is barred.[2]

Accordingly, this threshold question of jurisdiction must be addressed in this case. Moreover, the Georgia Supreme Court has exclusive appellate jurisdiction over cases involving the construction of the Constitution of the State of Georgia.[3]

As the Supreme Court has the ultimate responsibility for determining appellate

---

prospective acts which occur on or after January 1, 2021.")

[2] (Citations and punctuation omitted.) *City of College Park v. Clayton County*, 306 Ga. 301, 314 (5) (830 SE2d 179) (2019).

[3] Ga. Const. Art. VI, Sec. VI, Par. II.

jurisdiction,[4] this appeal is hereby TRANSFERRED to the Supreme Court for disposition.



*Court of Appeals of the State of Georgia*
          *Clerk's Office, Atlanta,* __11/09/2023_____

          *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

          *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____Stephen E. Castlen_____ , *Clerk.*

---

[4] See *Saxton v. Coastal Dialysis & Med. Clinic*, 267 Ga. 177, 178 (476 SE2d 587) (1996).