# Court of Appeals
# of the State of Georgia

ATLANTA,  January 26, 2024

*The Court of Appeals hereby passes the following order:*

**A23A1460. MONTGOMERY COUNTY v. ROUNTREE et al.**

The appellees sued Toombs County, Montgomery County, and others in Toombs County Superior Court for injuries stemming from a collision with an ambulance operated by Toombs-Montgomery Emergency Medical Services. The appellant, Montgomery County, moved to dismiss the complaint on the ground that under OCGA § 36-92-4 (g), the appellees had to bring their lawsuit in Montgomery County instead of Toombs County as a condition of Montgomery County's waiver of sovereign immunity. That subsection provides, "As a condition of the waiver of sovereign immunity . . ., all tort actions filed against a local government entity . . ., including any action filed against a local government entity as a joint tort-feasor, shall be brought in the state or superior court of the county wherein the local government entity resides."

The appellees argue on appeal that, in spite of the language of OCGA § 36-92-4 (g), the joint-tortfeasor venue provision of the Georgia Constitution, Art. VI, § II, Para. IV ("Suits against . . . joint tort-feasors . . . residing in different counties may be tried in either county."), allows them to sue Montgomery County in Toombs County. Although they did not name this constitutional provision below, at the hearing on the motion to dismiss, they argued that, "The Joint Tortfeasor Act . . . allows this lawsuit to be brought in the residence of one of the tortfeasors."

The trial court denied the motion to dismiss, holding, among other things, that:

As to the argument of OCGA § 36-92-4 requiring any action against the

Montgomery County Defendants to be tried in the county where the governmental entity resides, the Georgia Constitution contains a specific venue provision for suits involving joint tortfeasors. See Ga. Const. of 1983, Art. VI, Sec. [II], Par. IV. . . . Additionally, it is well established that "if a statutory rule contradicts a constitutional rule, the constitutional rule prevails." *Carpenter v. McMann*, 304 Ga. 209, 211 (2018).

Our Supreme Court "has exclusive jurisdiction over all cases involving construction of the Constitution of the State of Georgia and of the United States and all cases in which the constitutionality of a law, ordinance, or constitutional provision has been called into question." *Atlanta Independent School System v. Lane*, 266 Ga. 657, 657 (1) (469 SE2d 22) (1996). Because the trial court held, in essence, that Montgomery County's reading of OCGA § 36-92-4 (g) would violate the joint-tortfeasor venue provision of the Georgia Constitution, jurisdiction over this appeal may lie in the Supreme Court. As the Supreme Court has the ultimate responsibility for determining appellate jurisdiction, see *Saxton v. Coastal Dialysis & Med. Clinic*, 267 Ga. 177, 178 (476 SE2d 587) (1996), this appeal is hereby TRANSFERRED to the Supreme Court for disposition.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   01/26/2024                    *

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*