# Court of Appeals
# of the State of Georgia

ATLANTA,__March 19, 2024_____

*The Court of Appeals hereby passes the following order:*

**A24I0138. COBB COUNTY et al v. RAY MURPHY.**

Cobb County; the Cobb County Board of Commissioners; and members of the Board, in their individual and official capacities, ("the defendants") seek interlocutory review of the trial court's order denying their renewed motion to dismiss on sovereign immunity grounds and granting Ray Murphy's ("the plaintiff") request to amend his complaint. In July 2023, the plaintiff filed this suit involving a zoning dispute. The suit included claims for declaratory, injunctive, and mandamus relief, among others. After the defendants filed an answer and a motion to dismiss, the plaintiff filed an amended complaint, removing all parties except Cobb County. The defendants filed a renewed motion to dismiss and special answer to the amended complaint. The trial court entered an order denying the motion to dismiss and granting the plaintiff's request to file an amended complaint. The court certified its ruling for immediate review, and the defendants filed the instant application for interlocutory review in this Court. However, this case may implicate the Supreme Court of Georgia's exclusive jurisdiction over constitutional questions.

In *State v. SASS Group*, 315 Ga. 893 (885 SE2d 761) (2023), the Supreme Court interpreted Article I, Section II, Paragraph V (b) (2) of the State Constitution for the first time. As the Supreme Court explained, "[i]n November of 2020, the people of Georgia . . . amended our Constitution to allow for a specific waiver of sovereign immunity . . . for declaratory relief." Id. Paragraph V (b) (2) provides in relevant part:

> . . . Actions filed pursuant to this Paragraph against any county, consolidated government, or municipality of the state or officer or employee thereof shall be brought exclusively against such county, consolidated government, or municipality and in the name of such county, consolidated government, or municipality. Actions filed pursuant to this Paragraph naming as a defendant any individual, officer, or entity other than as expressly authorized under this Paragraph shall be dismissed.

The Supreme Court concluded that "this exclusivity provision . . . requires dismissal of a lawsuit brought under that paragraph against the State if it names defendants other than the State or local governments specifically authorized by that provision." 315 Ga. at 894.

Here, the issues on appeal would include whether and to what extent a party may amend a complaint to comply with Article I, Section II, Paragraph V (b) (2) of the State Constitution. The Supreme Court has exclusive jurisdiction over "[a]ll cases involving the construction . . . of the Constitution of the State of Georgia. . . ." Ga. Const. of 1983, Art. VI, Sec. VI, Para. II (1). As the Supreme Court has the ultimate

responsibility for determining appellate jurisdiction, see *Saxton v. Coastal Dialysis & Med. Clinic*, 267 Ga. 177, 178 (476 SE2d 587) (1996), this application is hereby TRANSFERRED to the Supreme Court of Georgia for disposition.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*  03/19/2024

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_Stephen E. Castlen_____ , Clerk.