# Court of Appeals
# of the State of Georgia

ATLANTA, May 29, 2025

*The Court of Appeals hereby passes the following order:*

**A25D0396. FALLON MAYS v. SFR XII OWNER 2 LP.**

This case began as a dispossessory proceeding in magistrate court. Following an adverse ruling, Fallon Mays appealed to the superior court. On December 30, 2024, the superior court dismissed her petition without prejudice, finding that she had failed to serve the respondent. Mays then filed a direct appeal to this Court. We dismissed that appeal as untimely and for failure to comply with the OCGA § 5-6-35 discretionary appeal requirements. *Mays v. SFR XII Owner 2 LP*, Case No. A25A1456 (Apr. 10, 2025). Mays thereafter filed, among other things, motions for reconsideration and to reinstate the appeal, each of which we denied in orders entered on May 8, 2025.

On May 9, 2025, Mays filed the current application for discretionary review. In her application, however, Mays does not clearly identify a lower court order that she seeks to appeal. Rather, various arguments raised in the application appear to be directed at both the superior court's December 30 order and one or more of this Court's orders in Case No. A25A1456.[1] In addition, the caption of the application begins with "In the Supreme Court of Georgia," and a jurisdictional statement in the filing indicates that it involves issues "that warrant review by the Supreme Court of Georgia." Similarly, in a filing entitled "Master Record Submission and Motion for

---

[1] While Mays also appears to challenge the purported "[i]ssuance and enforcement of [a] writ of possession during [an] active appeal" and "[i]mproper imposition of a 'Perpetual Bill of Peace' aimed at chilling access to the courts," she has provided no such orders with her application materials.

Equitable and Legal Relief," Fallon seeks, inter alia, a reversal of the dismissal of her appeal in Case No. A25A1456.

To the extent that Mays seeks to appeal the superior court's December 30 order, we lack jurisdiction because this application was untimely filed more than 7 days after that order was entered. See OCGA § 44-7-56 (b) (1); *Stubbs v. Local Homes*, ___ Ga. App. ___, ___ (___ SE2d ___), Case No. A25A0036, slip op. at 3-8 (Apr. 22, 2025) (while applications for discretionary review generally may be filed within 30 days of entry of the order sought to be appealed, an application in a dispossessory proceeding must be filed within 7 days of the order on appeal).

To the extent that Mays seeks appellate review of one or more of our orders in Case No. A25A1456, jurisdiction over appeals from decisions of this Court generally lies in the Supreme Court of Georgia. See Ga. Const. of 1983, Art. VI, Sec. VI, Par. V; OCGA § 5-6-15. The Georgia Constitution provides that "[a]ny court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere." Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII; accord Court of Appeals Rule 11 (b). Further, the Supreme Court has the ultimate responsibility for determining appellate jurisdiction. See *Saxton v. Coastal Dialysis & Med. Clinic*, 267 Ga. 177, 178 (476 SE2d 587) (1996). Because Mays's application arguably seeks appellate review of this Court's rulings in Case No. A25A1456, the application is hereby TRANSFERRED to the Supreme Court for disposition.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 05/29/2025

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*