# Court of Appeals
# of the State of Georgia

ATLANTA, July 29, 2025

*The Court of Appeals hereby passes the following order:*

**A25A1996. MARK DERMEN v. THE STATE.**

Mark Dermen was charged with driving under the influence of drugs to the extent that it was less safe for him to drive and driving with an expired or no license plate or decal. He filed a motion to suppress, arguing among other things that evidence of his refusal to consent to chemical testing of his blood should be excluded at trial. The trial court denied the motion because, as relevant here, "the Supreme Court [of Georgia] has not extended [constitutional] protection to the state administered blood test in a DUI context."

The case proceeded to a jury trial, where the State presented evidence of Dermen's refusal to submit to a blood test and the trial court instructed the jury that it could infer from Dermen's refusal that the test would have shown the presence of drugs. Dermen was convicted on both charged counts. He filed a motion for new trial, reiterating his argument that the trial court should have granted his motion to suppress evidence of his blood test refusal on constitutional grounds and also challenging the court's instruction that the jury could infer the presence of drugs from his refusal. The trial court denied the motion, ruling that evidence of Dermen's refusal was admissible because "the Supreme Court of Georgia has not yet heard a case involving evidence of refusal of a blood test." Dermen appeals. For reasons that follow, we conclude that jurisdiction over this appeal lies in the Supreme Court of Georgia.

The Supreme Court has exclusive appellate jurisdiction in "all cases in which the constitutionality of a law, ordinance, or constitutional provision has been drawn

in question." Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1); see also *Zarate-Martinez v. Echemendia*, 299 Ga. 301, 304 (2) (788 SE2d 405) (2016). This exclusive jurisdiction extends "only to constitutional issues that were distinctly ruled on by the trial court and that do not involve the application of unquestioned and unambiguous constitutional provisions or challenges to laws previously held to be constitutional against the same attack." *State v. Davis*, 303 Ga. 684, 687 (1) (814 SE2d 701) (2018) (citation and punctuation omitted).

Under OCGA § 40-6-392 (d), a defendant's "refusal . . . to permit a chemical analysis to be made of his blood, breath, urine, or other bodily substance at the time of his arrest shall be admissible in evidence against him." And under OCGA § 40-5-67.1 (b), a DUI suspect must be told that his "refusal to submit to blood or urine testing may be offered into evidence against [him] at trial." OCGA § 40-5-67.1 (b). In *Elliott v. State*, 305 Ga. 179, 223 (IV) (E) (824 SE2d 265) (2019), the Supreme Court held that these statutes are unconstitutional "to the extent that they allow a defendant's refusal to submit to a breath test to be admitted into evidence at a criminal trial." But whether the State may present evidence of a defendant's refusal to submit to a blood test, and whether such refusal permits an inference of guilt, present "important and difficult constitutional questions that remain unresolved." *State v. Randall*, 315 Ga. 198, 200 (1) (880 SE2d 134) (2022); see also *State v. Dias*, 321 Ga. 261, 263-264 (914 SE2d 291) (2025) (noting that *Elliott* applied only to breath tests, and whether evidence of a defendant's refusal of a blood test is admissible "remains an open question"). Because the trial court distinctly ruled upon these questions here, we hereby TRANSFER this appeal to the Supreme Court for disposition. See *Saxton v. Coastal Dialysis & Med. Clinic*, 267 Ga. 177, 178 (476 SE2d 587) (1996) (holding that

the Supreme Court has the ultimate responsibility for determining appellate jurisdiction).



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 07/29/2025

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*