# Court of Appeals
# of the State of Georgia

ATLANTA,  January 20, 2026

*The Court of Appeals hereby passes the following order:*

## A25A2062. CROWE v. SCISSOM et al.

Michael Crowe appeals from the trial court's grant of summary judgment to Claude and Martha Scissom on claims Crowe brought against the Scissoms under the Georgia Fair Lending Act, OCGA §§ 7-6A-1 et seq. In the summary judgment ruling, the trial court rejected Crowe's proposed construction of the Act on the ground that it would render the Act unconstitutional under the Georgia and United States Constitutions. Specifically, the trial court held that Crowe's proposed construction would make the term "creditor" impermissibly vague and would violate due process and "principles against retroactivity and ex post facto laws[.]" Crowe enumerates this constitutional holding as error.

The trial court applied the rule that we should construe statutes, if possible, to avoid a constitutional infirmity. See *Scott v. State*, 299 Ga. 568, 574(2) (788 SE2d 468) (2016). But this rule of construction only applies if, in fact, one of the possible constructions would render the statute unconstitutional. Thus, the trial court's constitutional ruling is central to his interpretation of the Act and his rejection of Crowe's argument. To our knowledge the Act has not "previously [been] held to be constitutional against the same attack." *State v. Davis*, 303 Ga. 684, 687(1) (814 SE2d 701) (2018) (citation and punctuation omitted).

Consequently, this case appears to fall within our Supreme Court's exclusive constitutional question jurisdiction. See Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1). See generally *Davis*, 303 Ga. at 687-88(1) (discussing scope of constitutional question jurisdiction). It is possible that the merits of the summary judgment ruling

may be resolved without reaching the constitutional question. See *Tussahaw Reserves v. Butts County*, ___ Ga. ___, ___(2) (922 SE2d 363) (2025) ("Generally, [our Supreme] Court will not decide a constitutional question if the decision in the appeal can be made upon other grounds." (Citation and punctuation omitted.)). Even so, it is for our Supreme Court to determine whether this appeal invokes its exclusive constitutional question jurisdiction. See *State v. Mondor*, 306 Ga. 338, 339 n. 2, 344-45(2) (830 SE2d 206) (2019) (noting that the Supreme Court properly had jurisdiction over an appeal because it presented a constitutional question, but ultimately determining that the constitutional question could be avoided); *Saxton v. Coastal Dialysis & Med. Clinic*, 267 Ga. 177, 178 (476 SE2d 587) (1996) (holding that the Supreme Court has "the ultimate responsibility for construing the constitutional provisions regarding appellate jurisdiction").

We therefore TRANSFER this appeal to the Supreme Court of Georgia.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,__01/20/2026_____*

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , *Clerk.*